104 

THE STATE OF OHIO, APPELLEE, *v.* PUDLOCK, APPELLANT.

(No. 74-1118—Decided December 3, 1975.)

*Mr. Stuart K. Miller,* deputy director of law, for appellee.

*Messrs. Rhonemus, Dalbey, Bradford & Flynn* and *Mr. Thomas T. Flynn,* for appellant.

*Per Curiam.* Appellant was convicted of operating a motor vehicle while under the influence of alcohol, in vio-

lation of R. C. 4511.19.[1] Pursuant to R. C. 4511.99(A),[2] such an offense constitutes a misdemeanor of the first degree.

As applicable to first degree misdemeanors, R. C. 2945.71(B) states:

"A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree * * *."

R. C. 2945.73(B) provides further that:

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by Sections 2945.71 and 2945.72[3] of the Revised Code."

As evidenced by the above statement of facts, appellant was not brought to trial within 90 days after arrest. Therefore, he contends, the trial court erred by refusing to discharge him upon a motion to dismiss made prior to the commencement of trial.

Section 10 of Article I of the Constitution of Ohio provides, in pertinent part:

"* * * In any trial, in any court, the party accused shall * * * have * * * a speedy public trial * * *."

The provisions of R. C. 2945.71 and 2945.73 implement that constitutional guarantee; they are mandatory and must be strictly complied with by the state. *State* v.

---

[1] R. C. 4511.19 states, in part:

"No person who is under the influence of alcohol * * * shall operate any vehicle * * * within this state."

[2] R. C. 4511.99(A) provides, in part:

"Whoever violates Section 4511.19 of the Revised Code is guilty of a misdemeanor of the first degree * * *."

[3] The provisions of R. C. 2945.72 allow for extension of the time within which the accused must be brought to trial. Specifically relevant to the circumstances herein is subsection (H), which extends the time for "* * * the period of any reasonable continuance granted other than upon the accused's own motion."

*Gray* (1964), 1 Ohio St. 2d 21, 203 N. E. 2d 319; *State* v. *Cross* (1971), 26 Ohio St. 2d 270, 271 N. E. 2d 264.

In overruling appellant's motion to dismiss in the case at bar, the trial court noted that the time within which an accused must be brought to trial may be extended by R. C. 2945.72(H) (*supra*, fn. 3), and stated in its journal entry that:

"This court is of the opinion that the physical impossibility of bringing this case to trial prior to this date constitutes a 'reasonable continuance granted other than upon the accused's own motion.' "

Although court congestion may be a valid ground under subsection (H) for extending an accused's trial date beyond the time periods provided for by R. C. 2945.71, which we do not now decide, practices which undercut the implementation of the "speedy trial" provisions within R. C. 2945.71 and 2945.73 must not be employed to extend the requisite time periods.

Here, the court failed to set a date for trial within the 90-day period established by R. C. 2945.71(B)(2). Instead, it allowed the 90 days to expire, and thereafter, *sua sponte*, ruled that the presence of a crowded docket warranted a continuance. It is evident that to allow a trial court to extend the required time period under the above circumstances would render meaningless the provisions of R. C. 2945.71, and thwart the intent of the General Assembly to provide specified time limits within which an accused must be brought to trial.

As noted earlier, R. C. 2945.73(B) provides that a person charged with an offense be discharged if not brought to trial within the time required by R. C. 2945.71 and 2945.-72. Because the trial court improperly extended those limits, appellant's conviction must be reversed.

Accordingly, the judgment of the Court of Appeals is reversed and the defendant is discharged as provided in R. C. 2945.73(B).

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.