VILLAGE OF ELMWOOD PLACE, APPELLEE, *v.* DENIKE, APPELLANT.

(No. 78-407—Decided December 8, 1978.)

*Mr. Lee Bortz,* for appellee.

*Mr. Richard C. Gasen* and *Mr. Joseph C. Merling,* for appellant.

*Per Curiam.* The issue in the instant cause is whether it was permissible for the trial court, pursuant to R. C. 2945.72(H), to extend appellant's date of trial 123 days beyond the time limit prescribed in R. C. 2945.71(B)(2).

R. C. 2945.71(B) provides:

"A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:

"* * *

"(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree * * *."

R. C. 2945.72 provides further, in part:

"The time within which an accused must be brought to trial * * * may be extended only by the following:

"* * *

"(H) * * * the period of any reasonable continuance granted other than upon the accused's own motion."

On three prior occasions, this court has construed the latter statutory provision in the situation, as present in this cause, where the trial court, *sua sponte,* within the prescribed time limitations established by R. C. 2945.71, had set a date for trial exceeding those limitations.

In *State* v. *Lee* (1976), 48 Ohio St. 2d 208, this court held that the *sua sponte* continuance by the trial court to extend an accused's date of trial only two days beyond the 90-day time limitation because of a "crowded docket & judge's conference" was reasonable.

In *State* v. *McRae* (1978), 55 Ohio St. 2d 149, this court held that it was reasonable for the trial court, *sua sponte,* to extend the accused's date of trial 30 days beyond the time limitation of R. C. 2945.71 where the accused's defense counsel was appointed only two weeks before the trial date was set and where counsel later found it necessary to request a continuance of the trial date beyond the original date set by the trial court.

However, in *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171, this court held that an order continuing a case for trial

to a date more than double the 90-day time limitation and stating that the continuance was necessary because of a crowded court docket was not a reasonable continuance under R. C. 2945.72(H) in the absence of any explication of such reason appearing in the record. This court noted that "* * * where the continuance is of such length that it is facially unreasonable and seriously open to question, and thus outside the rationale upon which *Lee* is based, the attendant facts and circumstances must be included in the record in sufficient detail so that the necessity and reasonableness of the continuance is demonstrable." *Wentworth, supra*, at page 175.

In the instant cause, it is uncontroverted that the 123 day time extension was facially unreasonable. The question becomes, therefore, whether the record, *sub judice*, reflects sufficient facts and circumstances to support the trial court's order.

There appears in the record an entry form indicating that the crowded conditions of the court's docket would not permit an earlier setting of the trial date in appellant's cause. However, a standardized entry form completed by the trial court indicating a crowded court docket is alone insufficient to support a *sua sponte* continuance order substantially extending the date of trial beyond the mandatory time limitations of R. C. 2945.71(B)(2). *Wentworth, supra.*

There further appears in the record the statement of the trial court made at the hearing on appellant's motion to dismiss wherein that court, in explaining its decision to extend the trial date beyond the time limitations of R. C. 2945.72(B), stated:

"We had some idea that there were going to be twenty-two witnesses. That's to indicate to the Assignment Commissioner that we were going to have a lengthy trial and it would be more difficult arriving at a suitable date."

The above evidence of record is insufficient to demonstrate the necessity of a continuance for purposes of appellate review. The fact that a comparatively large number of witnesses was expected to be called to testify at

trial does not indicate such an exceptional circumstance as to justify the postponement of the trial date approximately four months beyond the prescribed time period. As noted in *Lee, supra*, at page 209, "* * * to construe R. C. 2945.72 too broadly would render meaningless, and thwart the direction of, the speedy-trial statutes."

In conclusion, because the *sua sponte* continuance order of the trial court in the cause at bar was not supported by sufficient detail contained in the record, the judgment of the Court of Appeals is reversed, and the appellant is ordered discharged pursuant to R. C. 2945.73(B).

*Judgment reversed and appellant discharged.*

CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

LEACH, C. J., and HERBERT, J., dissent.

LEACH, C. J., dissenting. The majority opinion appears to be predicated on the fact that the court, in fixing March 28, 1977, as the trial date, utilized "a form" which "indicated that because of the crowded conditions of the court docket, the instant cause could not be heard within the time provisions mandated by R. C. 2945.71."

If this were all the record reflected, such would bring this cause under the holding in *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171, wherein this court held that such an entry "without further explication of such reasons appearing in the record, is insufficient to extend the R. C. 2945.71(B)(2) time limitation for trial as a 'reasonable continuance granted other than upon the accused's own motion' pursuant to R. C. 2945.72(H)."

The record herein discloses that after the filing of the jury demand the trial court, at the pre-trial conference on September 30, directed both counsel to go to the assignment commissioner's office where they were told that March 28, 1977, was the earliest date the case could be set for jury trial. The record also discloses that the at-

torney who was then counsel for appellant made no objections at that time. At the hearing on the motion to dismiss, defense counsel stated:

"At that particular time, as is the usual procedure, I was asked to sign one of those forms and as my usual procedure, I refused. The Assignment Commissioner then comes back to the Court and gets that particular form filled out.

"I think by my not actually signing that, that that is in effect to show my objection. I don't have to stand there and object and come back to the Court and put it on record. I submit that the case is out of time."

Where, as here, it is necessary to consult the assignment commissioner for available dates for jury trial, I would conclude that "further explication of such reason" for the assignment of the case to a date subsequent to the 90-day period does appear in the record, within the purview of *Wentworth*.

Moreover, within the rule of law announced by this court in *State* v. *Lee* (1976), 48 Ohio St. 2d 208, I would conclude that "the reasonableness of the extension is [further] satisfactorily evidenced by the failure of * * * [defendant's counsel] to object." I do not believe that the enforcement of the "speedy trial" provisions of the Ohio Revised Code requires the judge to carefully note that the entry brought to him by the assignment commissioner fixing the trial date has not been signed by defense counsel, and having so ascertained, proceed to perfect a record as to the backlog of cases assigned for jury trial by testimony of the assignment commissioner, or otherwise, in order to prove the truthfulness of the recitation of facts on the entry. The signature on the entry—even if it was a "form entry" to that effect—should be given full credence absent a showing of why it should not prevail.

HERBERT, J., concurs in the foregoing dissenting opinion.