THE STATE OF OHIO, APPELLANT, *v.* SILER, APPELLEE.

[Cite as State v. Siler (1979), 57 Ohio St. 2d 1.]

(No. 78-443—Decided January 24, 1979.)

"* * *

"* * *

*Mr. Vincent E. Gilmartin,* prosecuting attorney, and *Mr. John A. Kicz,* for appellant.

*Messrs. Breckenridge & Haynes* and *Mr. E. Winther McCroom,* for appellee.

*Per Curiam.* The state argues, in effect, that representations made to the trial court by defense counsel that he was unable to proceed with the case until a later time "serve[d] to extend the time for trial pursuant to * * * Section 2945.72'' where the trial was, in fact, scheduled for a later date.[2]

Between December 28, 1976, when the trial court overruled defendant's motion to suppress, and April 15, 1977, the date defendant's motion to dismiss for lack of speedy trial was filed, the trial court made *no order or entry* either setting defendant's trial within the time limitations of R. C. 2945.71 or granting a continuance (with facts demonstrating the necessity and reasonableness of such continuance).

In the recent case of *Elmwood Place* v. *Denike* (1978), 56 Ohio St. 2d 427, this court held that "a standardized *entry* form completed by the trial court * * * is alone insufficient to support a *sua sponte* continuance order substantially extending the date of trial beyond the mandatory time limitations of R. C. 2945.71(B)(2). * * * The * * * evidence *of record* is insufficient to demonstrate the necessity of a continuance for purposes of appellate review. * * *'' (Emphasis added.) The court concluded that "because the *sua sponte* continuance order of the trial court * * * was not supported by *sufficient detail contained in the record,* the judgment'' must be reversed. (Emphasis added.)

In *State* v. *Wentworth* (1978), 54 Ohio St. 2d 171, this court held that the *order* of a trial court continuing

---

[2]The record does show statements by counsel for the state concerning other litigation in which defense counsel was involved, and remarks by the trial court as to causes for the delay in trial. Nowhere, however, is there *any entry* granting a continuance in the setting of a trial date.

4

defendant's case for trial beyond the statutory time limitations for reason of a crowded docket "without further explication of such reason appearing in the record" is insufficient to extend the time limitations of R. C. 2945.71(B)'(2).

In *Elmwood Place* and in *Wentworth* entries appear in the records giving reasons for the continuance of trial dates. In the present cause, however, there is *no entry* in the record ever setting a trial date within the time limits provided in R. C. 2945.71 or giving any reason for the date of defendant's trial being substantially beyond such time limitations.

This court has "imposed upon the prosecution and the trial courts the mandatory duty of complying with R. C. 2945.71 through 2945.73" and held that "the burden is * * * on the state to bring an accused to trial within the statutory period." *State* v. *Singer* (1977), 50 Ohio St. 2d 103, 105, 106.

Therefore, in accordance with this court's holdings in *Elmwood Place* and *Wentworth, supra,* the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY and McCORMAC, JJ., concur.

HERBERT, J., dissents.

HOLMES, J., not participating.

McCORMAC, J., of the Tenth Appellate District, sitting for LOCHER, J.