## VILLAGE OF AMBERLEY

v.

## LEVINE.

Hamilton County Municipal Court.

No. 00 TRD 2043.

Decided March 3, 2000.

14

*Stephen Cohen,* for village of Amberley.

*John J. Mulvey,* for defendant.

JAMES PATRICK KENNEY, Judge.

This case came before the court on an appeal from the Amberley Village Mayor's Court. Defendant, Sandra Levine, was charged with speeding, a minor misdemeanor in violation of 73–10C of the Amberley Village Code. The defendant was cited for this violation on November 17, 1999 and cited to mayor's court on December 8, 1999. With the citation, defendant received a form entitled, "Amberley Village Police Department Fine Schedule and Pay–Out Information." This form informed defendant of how to pay-out the citation and also stated:

"If you receive a citation for one of the violations listed in the Fine Schedule, you may do one of the following:

" * * *

"3. CHOOSE TO PLEAD NOT GUILTY IN MAYOR'S COURT.

"If you have received a citation and desire to plead 'Not Guilty' to the charge you must register this information with the Police Department prior to court. To register [a] 'Not Guilty' plea, you must call the Clerk of Court (531–2040) before 12:00 Noon on the Monday preceding the Mayor's Court date listed on the bottom of your citation.

"If you choose not to pay your citation for a violation listed on schedule, YOU MUST APPEAR in the Amberley Village Mayor's Court at 6450 Wiehe Road, Golf Manor, Ohio on the date and time specified on the bottom of your citation."

Defendant appeared with her attorney on the date specified prepared for trial, but neither defendant nor her attorney had previously registered a "not guilty" plea as instructed. The trial date was continued to January 8, 2000. On that date, defendant moved for dismissal prior to trial on the grounds that the speedy trial provisions of R.C. 2945.71 had been violated. The motion was denied, and defendant was found guilty of the charge. Defendant appealed to the Hamilton County Municipal Court for trial. Prior to trial, defendant again moved for dismissal on the grounds that the January 8 trial date in mayor's court was beyond the time allowed by R.C. 2945.71 and violated her right to a speedy trial.

R.C. 2945.71 states:

"(A) [A] person against whom a charge is pending in a court not of record, or against whom a charge of minor misdemeanor is pending in a court of record, shall be brought to trial within thirty days after the person's arrest or the service of summons."

R.C. 2945.73 states:

"(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."

■ R.C. 2945.71 and 2945.73 were "implemented to incorporate the constitutional protection of the right to a speedy trial provided for in the Sixth Amendment to the United States Constitution and in Section 10, Article I of the Ohio Constitution." *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 55, 661 N.E.2d 706, 707, citing *State v. Broughton* (1991), 62 Ohio St.3d 253, 256, 581 N.E.2d 541, 544. See *Columbus v. Bonner* (1981), 2 Ohio App.3d 34, 36, 2 OBR 37, 39, 440 N.E.2d 606, 608.

■ The speedy trial requirements are a "rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay* (1980), 64 Ohio St.2d 218, 18 O.O.3d 427, 416 N.E.2d 589, syllabus; *State v. Adams* (1989), 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, 1027; *State v. Pudlock* (1975), 44 Ohio St.2d 104, 105, 73 O.O.2d 357, 358, 338 N.E.2d 524, 525.

■ However, these provisions are not to be considered absolute and a certain amount of flexibility is intended. Reasonable discretionary authority to extend the trial date beyond the prescribed time limits is intended. *State v. Wentworth* (1978), 54 Ohio St.2d 171, 173, 8 O.O.3d 162, 163–164, 375 N.E.2d 424, 426.

■ In the instant case, the January 8 trial date was clearly beyond the thirty-day time limit prescribed by R.C. 2945.71. Defendant has therefore established a prima facie case that the time limits were violated. Once this prima facie case has been established, the state then has the burden to demonstrate that the time limits were extended pursuant to R.C. 2945.72. *State v. Butcher* (1986), 27 Ohio St.3d 28, 30–31, 27 OBR 445, 446–447, 500 N.E.2d 1368, 1370.

R.C. 2945.72 states:

"The time within which an accused must be brought to trial * * * may be extended only by the following:

" * * *

"(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion."

■ Thus, in a situation in which the trial court "affirmatively demonstrates the necessity for a continuance and the reasonableness thereof, such a continuance will be upheld." *Aurora v. Patrick* (1980), 61 Ohio St.2d 107, 109, 15 O.O.3d

150, 151, 399 N.E.2d 1220, 1221. For example, the courts in this state have held that the unavailability of an officer may be reasonable cause for a continuance under R.C. 2945.72(H). See *State v. Saffell* (1988), 35 Ohio St.3d 90, 518 N.E.2d 934. See, also, *State v. Gregrich* (Mar. 24, 1999), Wayne App. No. 98CA0029, unreported, 1999 WL 292547 (arresting officer); *State v. Hersman* (Nov. 13, 1998), Licking App. No. 98 CA 59, unreported, 1998 WL 817764 (arresting officer). The inability to hear a case because of docket overcrowding has also been upheld as sufficient grounds for a reasonable continuance. See *State v. Lee* (1976), 48 Ohio St.2d 208, 2 O.O.3d 392, 357 N.E.2d 1095.

■ It is also established in Ohio that the record must clearly establish the reasonableness and necessity of the continuance under the circumstances. See *State v. Saffell*, 35 Ohio St.3d 90, 91, 518 N.E.2d 934, 935, and *State v. McRae* (1978), 55 Ohio St.2d 149, 153, 9 O.O.3d 118, 121, 378 N.E.2d 476, 479. In *Elmwood Place v. Denike* (1978), 56 Ohio St.2d 427, 430, 10 O.O.3d 528, 529, 384 N.E.2d 707, 709, the Ohio Supreme Court held that a standardized form extending a date beyond the time limits *sua sponte* is "alone insufficient" to toll the time. The record in this case does not establish any reason that necessitated the continuance and setting of this case beyond the prescribed time limit, except for the procedures of the Amberley Village Mayor's Court. This court understands that a smaller jurisdiction, such as Amberley Village, may not be able to have every police officer available for court on a given date without jeopardizing the public and that there may be other valid reasons for the officer's absence or the prosecutor's inability to proceed. These reasons, however, must be clearly demonstrated on the record. This was not done in the present case.

■ The Supreme Court of Ohio has stated that "[p]ractices that undercut the implementation of the 'speedy trial' provisions of R.C. 2945.71 and 2945.73 cannot be used to extend the prescribed statutory time limits." See *Aurora v. Patrick*, 61 Ohio St.2d 107, 108, 15 O.O.3d 150, 151, 399 N.E.2d 1220, 1221. The procedure used in this case is clearly such a practice. If a mayor's court chooses as policy not to have its witnesses present at the first appearance and no specific justifiable reason for the continuance beyond the thirty-day period is clearly set out by the court, the time runs against the municipality and the case must be reset within the time prescribed by R.C. 2945.71.

■ The provisions of R.C. 2945.72(D) also allow the speed trial time to be extended by "[a]ny period of delay occasioned by the neglect or improper act of the accused." The defendant in this case received, with her citation, a form that informed her that she must register her desire to plead "not guilty." She did not so register but showed up for court prepared to go to trial. "[T]he burden to timely try a defendant rests upon the prosecution and trial courts and * * * a

defendant is not required to either demand a timely trial or object to a trial setting outside the periods set forth in R.C. 2945.71." *State v. Wentworth,* 54 Ohio St.2d 171, 173, 8 O.O.3d 162, 163, 375 N.E.2d 424, 426, citing *State v. Singer* (1977), 50 Ohio St.2d 103, 4 O.O.3d 237, 362 N.E.2d 1216; *State v. MacDonald* (1976), 48 Ohio St.2d 66, 2 O.O.3d 219, 357 N.E.2d 40; *State v. Pudlock,* 44 Ohio St.2d 104, 73 O.O.2d 357, 338 N.E.2d 524; and *State v. Cross* (1971), 26 Ohio St.2d 270, 55 O.O.2d 495, 271 N.E.2d 264.

The requirement that defendant "register" the "not guilty" plea is an attempt to place the burden of providing a timely trial upon the defendant. This requirement seems similar to requiring the defendant to subpoena the state's witnesses for trial. It is in the prosecution's burden to have the witnesses at court and to provide a timely trial, and this burden may not be shifted to the defendant.

Therefore, this cause is dismissed in accordance with R.C. 2945.73(B) for failure to bring defendant to trial within the time required by R.C. 2945.71(A).

*Motion granted*
*and defendant discharged.*