OPINION
Defendant-appellant Wade V. Murray appeals his convictions and sentences for operating a motor vehicle while under the influence of alcohol and/or drug of abuse ("OMVI") and child endangerment. The City of Newark is plaintiff-appellee
 STATEMENT OF THE FACTS AND CASE
On August 8, 2001, Appellant was arrested and charged with one count of Operating a Motor Vehicle While Under the Influence of Alcohol and/or Drug of Abuse ("OMVI"), a violation of R.C. § 4511.19(A)(1) and one count of Child Endangerment, in violation of R.C. § 2919.11(C)(1).
On August 15, 2001, appellant was arraigned and pled not guilty to both charges.
This matter was initially scheduled for trial September 26, 2001.
On August 28, 2001, Appellant filed a written jury demand.
On August 29, 2001, the trial court rescheduled the trial date to October 1, 2001.
On September 25, 2001, through counsel, Appellant filed a Motion to Dismiss, a Motion for the State to Respond to Discovery and a Motion to Continue. The Motion to continue was based on conflict due to a previously scheduled domestic relations hearing and the lack of discovery
On September 26, 2001, the State of Ohio filed its discovery response and bill of particulars.
On September 28, 2001, the State of Ohio also moved for a continuance due to a problem with the laboratory performing the urinalysis testing.
On September 28, 2001, Appellant filed a motion to "disallow plaintiff's apparent attempt to amend the DUI complaint" via the bill of particulars.
On October 1, 2001, the trial court granted Appellant's motion to continue and set a new date for November 19, 2001.
On November 15, 2001, the State filed supplemental discovery with the urine test results.
On November 16, 2001, Appellant filed a Motion to Dismiss based on speedy trial rights, which was denied by the trial court.
On November 19, 2001, the morning of trial, counsel for Appellant orally moved for a continuance to have an independent exam of the urinalysis test results.
The trial court denied the motion to continue and Appellant entered a plea of "no contest" to both charges as contained in the indictment.
Appellant timely appealed, assigning the following errors:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED AND/OR ABUSED IT [SIC] DISCRETION, BY DENYING APPELLANT'S REQUEST FOR AN INDEPENDENT ANALYSIS OF HIS URINE SPECIMEN.
 II. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISALLOW APPELLEE TO AMEND THE DWI COMPLAINT.
 III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S SPEEDY TRIAL RIGHTS.
 IV. THE TRIAL COURT ERRED IN FINDING APPELLANT GUILTY OF DRIVING UNDER THE INFLUENCE OF ALCOHOL AND/OR BAC OF .10 OR MORE.
 I.
Appellant argues that the trial court erred in failing to grant his request for an independent urine test. We disagree.
Revised Code § 2925.51(E) provides, in pertinent part:
 (E) Any person who is accused of a violation of this chapter or of Chapter 3719. of the Revised Code is entitled, upon written request made to the prosecuting attorney, to have a portion of the substance that is the basis of the alleged violation preserved for the benefit of independent analysis performed by a laboratory analyst employed by the accused person, or, if he is indigent, by a qualified laboratory analyst appointed by the court. Such portion shall be a representative sample of the entire substance that is the basis of the alleged violation and shall be of sufficient size, in the opinion of the court, to permit the accused's analyst to make a thorough scientific analysis concerning the identity of the substance. (Emphasis added).
Upon review of the record in this matter, we find that the only request by appellant was made orally on the morning of trial. Appellant failed to make a written request for an independent analysis to be performed.
We therefore find that the trial court did not abuse its discretion in failing to grant appellant's request.
Appellant's first assignment of error is denied.
 II.
Appellant argues that the trial court erred in allowing the State to amend the DWI complaint via the Bill of Particulars. We disagree.
On September 26, 2001, the appellee filed its Bill of Particulars citing a violation of R.C. 4511.19(A)(1). Appellant objected through his motion filed September 28, 2001, claiming the amendment was an improper attempt to amend the complaint.
A review of the original complaint in the matter reveals that Appellant was charged with a violation of O.R.C. § 4511.19, OMVI: Under the influence of alcohol/drug of abuse. Additionally, the box for "urine" was marked with an "x".
Crim.R. 7(D) provides, in pertinent part:
 The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or admission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged.
In State v. Leister (Dec.10, 1993), Lucas County Appeal No. L-93-012, unreported, the court held[1]:
 Ohio courts have previously recognized that the identity of a crime charged is changed by an amendment of the indictment if the amendment of the indictment results in the substitution of a provision which contains different elements from the provision which was originally listed in the indictment State v. Woody (1986), 20 Ohio App.3d 364, 364-365. The test to determine whether different elements exist is whether "each requires proof of a fact which the other does not." Id. at 364, citing [sic] Blockburger v. United States (1932), 284 U.S. 299, 304."
Id. p. 2.
In the case sub judice, we find the amendment, did not change the name of the offense nor the identity of the crime charged. R.C. §4511.19(A)(1) prohibits the operation of a vehicle while under the influence of alcohol and/or a drug of abuse, which is the same as that contained in the complaint. Accordingly we conclude the amendment did not change the identity or any elements of the offense.
Appellant's second assignment of error is denied.
 III.
In his third assignment of error, appellant argues that the trial court erred by denying Appellant his speedy trial rights. We disagree.
R.C. § 2945.71 governs the time within which a hearing or trial must be held. The statute states, in relevant part:
 B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
* * *
 (2) Within ninety days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree, * * *
* * *
 (E) For purposes of computing time under divisions * * * (B) * * * of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.
Because in the matter sub judice, appellant was charged with a first degree misdemeanor, the trial court was required to bring the matter to trial within 90 days. However, this 90 day time limit can be tolled, or extended, pursuant to R.C. § 2945.72, which states, in relevant part:
 The time within which an accused must be brought to trial, * * * may be extended only by the following:
* * *
 (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *
Speedy trial statutes are to be strictly construed against the State.State v. Miller (1996), 113 Ohio App.3d 606. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held. City of Oregonv. Kohne (1997), 117 Ohio App.3d 179.
 With respect to continuances, the Ohio Supreme Court has required that (1) the granting of a continuance be recorded by the trial court in its journal, (2) the journal entry identify the party to whom the continuance is chargeable, and (3) if the trial court is acting sua sponte, the journal entry so indicate and set forth the reasons justifying the continuance. State v. Baker (1993), 92 Ohio App.3d 516., citing State v. Minc (1982), 2 Ohio St.3d 6; and State v. Sider (1979), 57 Ohio St.2d 1, 3.
With these rules in mind, we analyze the time within which appellant was brought to trial.
A review of the record in this matter reveals that Appellant was arrested on August 8, 2001. Based on his date of arrest, his try-by-date was November 6, 2001.
The Court scheduled his jury trial for October 1, 2001, well within the 90 day time period.
On September 25, 2001, Appellant's attorney moved for a continuance of the October 1, 2001 trial date. The trial court granted Appellant's motion and continued said trial date to November 19, 2001.
In accordance with R.C. § 2945.72 (H), the period of any continuance granted on the accused's own motion extended the time within which Appellant had to be brought to trial.
Because appellant was brought to trial within the time permitted by the statutes as referenced above, we find no speedy trial violation.
Appellant's third assignment of error is overruled.
 IV.
In his fourth and final assignment of error, Appellant argues that the trial court erred in finding him guilty of driving under the influence of alcohol and/or BAC of .10 or more.
The November 19, 2001 Judgment Entry of Conviction reads as follows:
Judgment Entry of Conviction
 This matter came on for sentencing upon the Defendant being found guilty of the offense of operating a vehicle while under the influence of alcohol and/or operating a vehicle with a concentration of .10 grams of alcohol by weight per 210 liters of breath (ORC 4511.19 or municipal equivalent). Pursuant to 4511.19(C) the Defendant is sentenced only on 4511.19(A)(1). The Court has considered the sentencing criteria of 2929.22 of the Ohio Revised Code as well as Section 4511.99 of the Ohio Revised Code.
* * *
Said entry appears to be a form that the Court uses for both violations of (1) operating a vehicle while under the influence of alcohol and (2) operating a vehicle with a concentration of .10 grams of alcohol by weight per 210 liters of breath. In the instant case, Appellant was found guilty on his plea of no contest to a violation of operating a vehicle while under the influence and was sentenced accordingly. The record does not support Appellant's contention that Appellant was found guilty of having a BAC of .10 or more.
Appellant's fourth assignment of error is overruled.
The judgment of the Licking County Municipal Court is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and FARMER, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Municipal County, Licking County, Ohio is affirmed. Costs to Appellant.
[1] Leister involved a vandalism charge.