OPINION
 STATEMENT OF THE FACTS AND CASE
{¶ 1} On August 13, 2001, Appellant, Jose Pacheco, was charged with one count of domestic violence in violation of R.C. § 2919.25
(C), a fourth degree misdemeanor, as a result of a 911 emergency telephone call received by the Stark County Sheriff's Department from Sally Pacheco, wife of Appellant, stating that he had threatened to cut her throat from ear to ear and that she was afraid to be around him.
{¶ 2} On August 14, 2001, Appellant was released on bond.
{¶ 3} Appellant was scheduled to appear for arraignment in Alliance Municipal Court on August 15, 2001, but failed to do so because he was arrested on unrelated charges in Ravenna, Ohio, that same morning.
{¶ 4} A warrant for Appellant's arrest was issued based on his failure to appear.
{¶ 5} Appellant was released from the Portage County Jail on August 28, 2001, and was transported to the Stark County Jail.
{¶ 6} On August 29, 2001, Appellant was arraigned on the charge of domestic violence and entered a plea of not guilty.
{¶ 7} Upon request by Appellant, the trial court appointed counsel for Appellant.
{¶ 8} Appellant was held in lieu of bond pending his pretrial scheduled for September 5, 2001.
{¶ 9} At the September 5, 2001, pretrial, Appellant's counsel was given the choice of a trial date of either September 6, 2001, or September 13, 2001. Based on statements by Appellant's counsel that he was not prepared to proceed on September 6, 2001, the trial court scheduled the jury trial for September 13, 2001.
{¶ 10} On September 13, 2001, prior to commencement of the jury trial, counsel for Appellant filed a Motion to Discharge based on a violation of Appellant's right to a speedy trial.
{¶ 11} The trial court denied Appellant's Motion to Discharge and the jury trial proceeded with the jury returning a verdict of guilty.
{¶ 12} At trial, the state called two witnesses: Sally Pacheco and Deputy Robert Dorsey.
{¶ 13} Appellant timely appealed, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 14} "THE TRIAL COURT ERRED IN FAILING TO DISMISS DUE TO O.R.C. SECTION 2945.71(B)(1)."
 {¶ 15} "THE TRIAL COURT ERRED IN PERMITTING THE PROSECUTION TO INTRODUCE HEARSAY STATEMENTS FROM ITS OWN WITNESS WITHOUT A SHOWING OF SURPRISE."
 {¶ 16} "THE VERDICT OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I.
{¶ 17} In his first assignment of error, appellant claims a violation of his right to a speedy trial. We agree.
{¶ 18} A defendant's right to a speedy trial is guaranteed by statute and by the Sixth and Fourteenth Amendments to the United States Constitution, extensions of speedy trial time are to be strictly construed against the State. State v. Singer (1977), 50 Ohio St.2d 103;State v. Miller (1996), 113 Ohio App.3d 606. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held. City of Oregonv. Kohne (1997), 117 Ohio App.3d 179.
{¶ 19} Revised Code § 2945.71 governs the time within which a hearing or trial must be held. The statute states, in relevant part:
 (B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 (1) Within forty-five days after the person's arrest or the service of summons, if the offense charged is a misdemeanor of the third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days;
* * *
* * *
 (E) For purposes of computing time under divisions * * * (B) * * * of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section.
{¶ 20} In the case sub judice, the accused was charged with a fourth degree misdemeanor, domestic violence, in violation of R.C. §2919.25, and therefore must be tried within forty-five (45) days of his arrest or service of summons. R.C. § 2945.71(B).
{¶ 21} However, this 45 day time limit can be tolled, or extended, pursuant to R.C. § 2945.72, which states, in relevant part:
 The time within which an accused must be brought to trial, * * * may be extended only by the following:
* * *
 (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
* * *
 (H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *
{¶ 22} Once a defendant establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State to demonstrate the statutory limit was not exceeded by establishing the time was properly extended pursuant to R.C. § 2945.72. State v.Butcher (1986), 27 Ohio St.3d 28, 30-31.
{¶ 23} With respect to continuances, the Ohio Supreme Court has required that (1) the granting of a continuance be recorded by the trial court in its journal, (2) the journal entry identify the party to whom the continuance is chargeable, and (3) if the trial court sua sponte
extends the time within which a defendant must be brought to trial, the court must enter an order of continuance by journal entry prior to the expiration of the time limit prescribed by R.C. § 2945.71, and must set forth the reason for the continuance. State v. Baker (1993),92 Ohio App.3d 516., citing State v. Mincy (1982), 2 Ohio St.3d 6; andState v. Sider (1979), 57 Ohio St.2d 1, 3; State v. King (1994),70 Ohio St.3d 158, 162.
{¶ 24} With these rules in mind, we analyze the time within which appellant was brought to trial.
{¶ 25} On September 5, 2001, the trial court filed a Journal Entry, setting Appellant's jury trial date as September 13, 2001. Said Entry also contained a hand-written notation stating "Defendant does not wishes [sic] jury trial on 9-6-01". As set forth supra, the trial court explained that it had a long standing policy of only conducting jury trials on Thursdays.
{¶ 26} This September 5, 2001, Judgment Entry is the only Entry in the record scheduling a trial date in this matter. Nowhere in the record does it reflect that this matter was ever scheduled for trial on September 6, 2001. September 13, 2001, is the only trial date which was ever assigned to the Appellant. Therefore, there was never a motion for continuance made by Appellant or his counsel.
{¶ 27} Assuming arguendo that the notation "Defendant does not wishes [sic] jury trial on 9-6-01" could be viewed as a sua sponte continuance by the trial court, the record does not affirmatively demonstrate that the continuance was reasonable. The trial court's long standing policy of only scheduling jury trials on Thursdays does not affirmatively demonstrate that the continuance was reasonable. Accordingly, we find the trial court erred in failing to grant appellant's motion to dismiss based on a denial of his right to a speedy trial.
{¶ 28} Appellant's third assignment of error is sustained.
 II., III.
{¶ 29} In light of our disposition of appellant's first assignment of error, appellant's second and third assignments of error are moot.
{¶ 30} The judgment of the Alliance Municipal Court is reversed and a final judgment of acquittal is entered for appellant.
By: BOGGINS, J. WISE, J. concurs separately HOFFMAN, P.J. dissents
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Alliance Municipal Court, Stark County, Ohio, is reversed and a final judgment of acquittal is entered for appellant. Costs assessed to appellee.