{¶ 16} I agree that the trial court properly overruled the R.C. 2945.73 motion for discharge the defendant filed on May 30, 2003. His speedy trial date had not then passed, having been extended by continuances the court granted. However, I believe the court's order of April 11, 2003, was insufficient for that purpose until a new trial date was set by separate order, three days later.
 {¶ 17} R.C. 2945.71 prescribes the periods of time after a defendant's arrest in which he must be brought to trial. R.C.2945.72 provides that the applicable time "may be extended" for any one of nine reasons. Paragraph (H) identifies a "period of any reasonable continuance granted other than on the accused's own motion." A continuance is an "adjournment or postponement of a session, hearing, trial, or other proceeding to a subsequent day or time." Black's Law Dictionary (5th Ed.)
 {¶ 18} A period of time prescribed by R.C. 2945.71 may be extended an unlimited number of times so long as one or more of the grounds for extension in R.C. 2945.72 properly apply. However, a continuance itself is not likewise unlimited. To be complete and effective for purposes of R.C. 2945.72(H), an order of continuance must not only postpone a trial or other date previously set but also specify the date to which the trial or other proceedings is postponed. Otherwise, such a postponement is indefinite, and in the process a R.C. 2945.72 extension might wholly swallow-up the R.C. 2945.71 rule and "thwart the intent of the General Assembly to provide specified time limits." State v.Pudlock (1975), 44 Ohio St.2d 104, 106.
 {¶ 19} The continuance the trial court granted on April 11, 2003 was insufficient to extend defendant's speedy trial time per R.C. 2945.72(H) because it was indefinite. However, the court cured that defect only three days later when it set the case for trial on May 13, 2003. When that order was journalized, a total of sixty-three speedy trial dates had passed. Defendant's speedy trial time was thereafter tolled, until the date his trial was scheduled to commence, when it was again continued for the same reason to June 2, 2003. Being thus tolled again, the speedy trial time had not resumed running when Defendant moved for discharge on May 30, 2003. The trial court correctly denied that motion.