OPINION JUDGMENT ENTRY
{¶ 1} Appellant Kenneth Ward appeals the decision of the Richland County Court of Common Pleas that denied his motion to dismiss. The following facts give rise to this appeal.
 {¶ 2} On May 8, 2002, the Richland County Grand Jury indicted appellant on one count of illegal conveyance of drugs of abuse onto grounds of a detention facility. Appellant committed this offense while incarcerated at the Mansfield Correctional Institution. Appellant appeared before the trial court on May 28, 2002, and entered a plea of not guilty to the charge contained in the indictment. Thereafter, the trial court appointed Attorney Philip Mayer to represent him.
 {¶ 3} The trial court conducted pretrials, in this matter, on June 7, 2002; July 24, 2002; and October 30, 2002. At the October pretrial, the trial court scheduled a jury trial for November 4, 2002. On October 31, 2002, Attorney Mayer requested a continuance of the trial date. The trial court granted the continuance, but never filed a judgment entry indicating the continuance was granted.
 {¶ 4} Thereafter, on November 5, 2002, Attorney Mayer was elected Judge of the Probate Court of Richland County. On January 6, 2003, the trial court rescheduled the case for a jury trial on February 19, 2003. Judge Mayer filed a motion to withdraw as counsel on January 31, 2003. The trial court granted the motion on February 25, 2003, and appointed new counsel to represent appellant in this matter.
 {¶ 5} Following another pretrial on March 5, 2003, the trial court again scheduled this matter for a jury trial on April 21, 2003. However, on April 18, 2003, the State of Ohio requested a continuance due to the unavailability of witnesses. The trial court granted the state's request and rescheduled this matter for a jury trial on June 2, 2003.
 {¶ 6} On April 22, 2003, appellant filed a motion to dismiss on the basis that he was denied his statutory and constitutional right to a speedy trial. The trial court overruled appellant's motion on May 22, 2003. On June 2, 2003, appellant withdrew his plea of not guilty and entered a plea of no contest. The trial court found him guilty, as charged in the indictment, and sentenced him to a term of one year, to be served consecutively with the sentence he was currently serving.
 {¶ 7} Appellant timely filed a notice of appeal and sets forth the following sole assignment of error for our consideration:
 {¶ 8} "I. The trial court erred when it denied appellant's motion to dismiss because he was not provided a trial within the time limits imposed by section 2945.71 of the Ohio revised code."
 I {¶ 9} In his sole assignment of error, appellant maintains the trial court erred when it denied his motion to dismiss based upon a denial of his statutory right to a speedy trial. We agree.
 {¶ 10} Under R.C. 2945.71(C)(2), the state is required to bring a defendant to trial on felony charges within 270 days of arrest. The time may be tolled by certain events delineated in R.C. 2945.72(E) and (H), including continuances granted as a result of defense motions and any reasonable continuance granted other than upon the request of the accused. An accused is also guaranteed the constitutional right to a speedy trial pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution.
 {¶ 11} In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held. State v.Pacheco, Stark App. No. 2001 CA 00294, 2002-Ohio-3602, at ¶ 18, citing City of Oregon v. Kohne (1997), 117 Ohio App.3d 179,180.
 {¶ 12} In the case sub judice, appellant maintains that under R.C. 2945.71(C)(2), February 3, 2003, was the last day this matter could be brought to trial. Appellant argues he was denied his right to a speedy trial because the trial court failed to indicate, on its docket, by journal entry or otherwise, that it granted defense counsel's request for a continuance prior to February 3, 2003. In support of this argument, appellant cites the Ohio Supreme Court's decision in State v. King,70 Ohio St.3d 158, 1994-Ohio-412.
 {¶ 13} In King, the Court stated:
 {¶ 14} "Pursuant to R.C. 2945.72(H) a court may grant a continuance upon its own initiative as long as it is reasonable. This provision has been interpreted to permit courts to suasponte continue an accused's trial beyond the time limit prescribed by R.C. 2945.71, but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit." [Citations omitted.] Id. at 162.
 {¶ 15} The King decision references the Court's earlier decision in State v. Mincy (1982), 2 Ohio St.3d 6, wherein the court stated that "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefore by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." Mincy at syllabus. Based upon the King and Mincy decisions, appellant concludes he was denied his right to a speedy trial because the trial court never journalized the continuance it granted pursuant to defense counsel's motion filed on October 31, 2002.
 {¶ 16} We have reviewed the King and Mincy decisions and conclude these cases are inapplicable to the case sub judice because they address the issue of sua sponte continuances. In the matter currently before the court, the continuance at issue is a continuance requested on behalf of the defense. Although theKing and Mincy decisions are inapplicable, we conclude the Ohio Supreme Court's decision in State v. Siler (1979),57 Ohio St.2d 1, applies and supports appellant's argument that the trial court should have granted his motion to dismiss.
 {¶ 17} In Siler, between December 28, 1976, when the trial court overruled defendant's motion to suppress, and April 15, 1977, the date defendant filed his motion to dismiss for lack of speedy trial, the trial court made no order or entry either setting defendant's trial within the time limitations of R.C.2945.71 or granting a continuance. Id. at 3. The Court concluded the court of appeals properly determined the trial court should have granted the defendant's motion to dismiss. Id. at 4. The Court based its reason on the fact that "* * * there is no entry in the record ever setting a trial date within the time limits provided in R.C. 2945.71 or giving any reason for the date of defendant's trial being substantially beyond such time limitations." Id.
 {¶ 18} Similarly, in the case sub judice, from the date of appellant's indictment, on May 8, 2002, until the date defense counsel filed his motion to withdraw, on January 31, 2003, a total of 266 days passed for speedy trial purposes. Although on October 31, 2002, appellant filed a motion to continue the trial date scheduled for November 4, 2002, which would normally toll the time, the trial court never filed an entry or order, on the record, indicating it granted appellant's motion. Because the trial court failed to journalize any decision as to the October 31, 2002 motion for continuance, no time was tolled since a court speaks only through its journal. See Mincy at 9 and State v.Burkhardt (Dec. 7, 1984), Lake App. No. 10-156, at 2.
 {¶ 19} Prior to the filing of defense counsel's motion to withdraw, on January 6, 2003, the trial court scheduled this matter for a jury trial to be conducted on February 19, 2003. However, prior to the scheduled trial date, defense counsel filed his motion to withdraw, which tolled the running of the speedy trial statute for a total of 25 days, or until February 25, 2003, when the trial court granted said motion.
 {¶ 20} On February 26, 2003, time began to run again and for speedy trial purposes, the last day to bring appellant to trial was March 1, 2003. However, the record indicates that on March 1, 2003, the court had not yet rescheduled this matter for trial. In fact, the trial court did not reschedule this matter for trial until March 5, 2003, when the matter was scheduled for trial on April 21, 2003. Because the rescheduling of the trial date occurred after the speedy trial limitation, we conclude the trial court should have granted appellant's motion to dismiss.
 {¶ 21} Appellant's sole assignment of error is sustained.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby reversed.
Judgment reversed.
Gwin, P.J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed.
Costs assessed to Appellee.