{¶ 36} I must respectfully dissent. Were this court to affirm this conviction, we would, in essence, be modifying the Ohio Rules of Evidence to embrace the concept that a "fax" offered into evidence for the truth of the matter asserted is not hearsay. This is not the law of Ohio.
 {¶ 37} It is readily apparent that appellant was not brought to trial within the mandatory ninety-day time limit. Further, it is readily apparent that the trial court relied upon an unverified fax purporting to establish a "holder" from another court. Based upon this clearly erroneous evidentiary ruling, the court then determined that appellant's constitutional and statutory right to a speedy trial had not been violated. I disagree.
 {¶ 38} For at least the past twenty years, the Supreme Court of Ohio has been clear and unequivocal in its mandate that speedy trial rights shall be strictly enforced in Ohio. As stated by the court:
 {¶ 39} "This court has previously condemned after-the-fact extension and does not find it to be a meaningful distinction that appellee's trial was initially scheduled within the statutory time limit. The General Assembly has placed a burden upon the prosecution and the courts to try criminal defendants within a specified time after arrest. If we were to follow the state's reasoning, the only burden upon the prosecution and the courts would be to assure that a trial is scheduled within the appropriate time limit as long as it could subsequently be explained why the defendant was not brought to trial within the statutory time frame. It is obvious such reasoning does not comport with the purposes of the speedy trial statutes."[3]
 {¶ 40} This court does not have the authority, nor am I inclined, to ignore the absolute mandate established by the Supreme Court of Ohio in this matter. There is no competent evidence in this record to establish that a "holder" was the reason this individual was incarcerated in the Trumbull County jail. He had a right to a speedy trial, and he did not receive one. The conviction should be reversed.
[3] State v. Mincy (1982), 2 Ohio St.3d 6, 8, citing Statev. Pudlock (1975), 44 Ohio St.2d 104 and State v. Siler
(1979), 57 Ohio St.2d 1.