[Cite as *State v. Thacker*, 2019-Ohio-1305.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                       |
|--------------------------|---|-------------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.      |
|                          | : | Hon. Patricia A. Delaney, J.  |
| Plaintiff-Appellee       | : | Hon. Earle E. Wise, J.        |
|                          | : |                               |
| -vs-                     | : |                               |
|                          | : | Case No. CT2018-0035          |
| THOMAS J. THACKER        | : |                               |
|                          | : |                               |
| Defendant-Appellant      | : | OPINION                       |

CHARACTER OF PROCEEDING:  Criminal appeal from the Muskingum
County Court, Case No. TRC 1606648

JUDGMENT:  Reversed and Vacated

DATE OF JUDGMENT ENTRY:  April 5, 2019

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

D. MICHAEL HADDOX    APRIL CAMPBELL
Prosecuting Attorney    545 Metro Place South, Ste. 100
GERALD ANDERSON II    Dublin, OH 43017
Assistant Prosecutor
17 North Fifth St., Box 189
Zanesville, OH 43702-0189

*Gwin, P.J.*

{¶1} Appellant Thomas J. Thacker ["Thacker"] appeals his conviction and sentence after a plea in the Muskingum County Court.

*Facts and Procedural History*

{¶2} On October 17, 2016, Thacker was arrested for Operating a Vehicle under the Influence ("OVI"), a first-degree misdemeanor; operating a vehicle after underage consumption, a first-degree misdemeanor; and two minor misdemeanor traffic violations.

{¶3} On October 21, 2016, Thacker was arraigned and entered pleas of not guilty. By Judgment Entry filed October 21, 2016, Thacker's case was assigned a trial date of November 30, 2016. On November 17, 2016, counsel entered an appearance and filed an Administrative License Suspension Appeal [ALS] on behalf of Thacker. [Docket No. 6]. Also on November 17, 2016, counsel for Thacker filed a Request for Discovery. [Docket No. 7]. By entry filed November 8, 2016, the trial court scheduled a pre-trial hearing in the case for November 30, 2016. [Docket No. 9]. On November 22, 2016, the state filed a letter indicating a response to Thacker's discovery request and requesting reciprocal discovery. [Docket No. 10]. Also on November 22, 2016, the trial court scheduled the case for a pre-trial hearing and a hearing on Thacker's ALS appeal for November 30, 2016. [Docket No. 11].

{¶4} On February 2, 2018, the trial court scheduled Thacker's case for a trial on February 13, 2018. [No Docket Number]. On February 12, 2018, Thacker filed a motion to dismiss on speedy trial grounds. [Docket Number 14]. On February 12, 2018, the state filed a memorandum contra to Thacker's motion to dismiss. [Docket Number 15]. On February 13, 2018, Thacker appeared in court with counsel and entered a plea of no

contest to the driving while impaired charge, the dim light charge, and the seatbelt violation charge. The state dismissed his underage consumption offense. On May 4, 2018, the trial court scheduled a sentencing hearing for May 8, 2018. [Docket Number 19]. By Judgment Entry filed May 8, 2018, the trial court sentenced Thacker to seven days in jail a "$375 /75" fine plus court costs. [Docket Number 20].

*Assignment of Error*

{¶5} Thacker raises one assignment of error,

{¶6} "I. THE TRIAL COURT SHOULD HAVE DISCHARGED THACKER FROM PROSECUTION, BECAUSE THE STATE VIOLATED HIS STATUTORY AND CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL."

*Law and Analysis*

**STANDARD OF APPELLATE REVIEW.**

{¶7} Speedy trial provisions are mandatory and are encompassed within the Sixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. *State v. Ladd*, 56 Ohio St.2d 197, 200, 383 N.E.2d 579 (1978). "The statutory speedy trial provisions, R.C. 2945.71 et seq., constitute a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or a misdemeanor and shall be strictly enforced by the courts of this state." *State v. Pachay*, 64 Ohio St.2d 218, 416 N.E.2d 589 (1980), syllabus.

{¶8} Our review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. *State v. Larkin,* 5th Dist. No.2004–CA–103, 2005-Ohio-3122, ¶11. As an appellate court,

we must accept as true any facts found by the trial court and supported by competent, credible evidence. *State v. Taylor*, 5th Dist. Richland No. 16 CA 17, 2016-Ohio-5912, ¶ 43, *citing Larkin, supra*. With regard to the legal issues, however, we apply a de novo standard of review and thus freely review the trial court's application of the law to the facts. Id.

**{¶9}** When reviewing the legal issues presented in a speedy-trial claim, we must strictly construe the relevant statutes against the state. *Brecksville v. Cook*, 75 Ohio St.3d 53, 57, 661 N.E.2d 706, 709 (1996); *State v. Colon*, 5th Dist. Stark No. 09-CA-232, 2010-Ohio-2326, ¶ 12.

**ISSUE FOR APPEAL.**

A. Whether the trial court permissibly extended the trial date beyond the R.C. 2945.71 time prescriptions.

**{¶10}** The most serious offense Thacker was charged with was a misdemeanor of the first degree. A person charged with a first-degree misdemeanor must be brought to trial within 90 days unless the right to a speedy trial is waived. R.C. 2945.71(B)(2). Thacker did not waive time. Pursuant to R.C. 2945.73, a person who is not brought to trial within the proscribed time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred.

**{¶11}** A defendant establishes a prima facie case for discharge once he demonstrates that he has not been brought for trial within the time limits set forth in R.C. 2945.71. *State v. Ashbrook*, 5th Dist. Licking No. 06 CA 158, 2007-Ohio-4635, ¶ 49, *citing State v. Butcher*, 27 Ohio St.3d 28, 30–31, 500 N.E.2d 1368 (1986). When an appellant has established he was tried outside speedy-trial time limits, the burden shifts

to the state to show that the time limit was extended under R.C. 2945.72. Id. at ¶31. If the state fails to produce evidence in rebuttal under R.C. 2945.72, then discharge pursuant to R.C. 2945.73(B) is required. Id. "When reviewing a speedy-trial issue, an appellate court must calculate the number of days chargeable to either party and determine whether the appellant was properly brought to trial within the time limits set forth in R.C. 2945.71." *State v. Riley*, 162 Ohio App.3d 730, 2005-Ohio-4337, 834 N.E.2d 887, ¶ 19 (12th Dist.).

{¶12} Certain events toll the accumulation of speedy-trial time. R.C. 2945.72 provides for a tolling of the time limitations under certain circumstances,

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:

> (A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

> (B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

> (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence

in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

{¶13} In the case at bar, the state argues that Thacker's failure to answer the state's request for discovery tolled the R.C. 2945.71 time period.  [Appellee's brief at 3].

{¶14} In *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, it took the defense 60 days to respond to discovery.  In that response, Palmer revealed that he had nothing to disclose and acknowledged his duty under Crim.R. 16(D) to supplement his response should that circumstance change.  Id. at ¶ 23.  The trial court tolled 30 of those 60 days against Palmer.  The appellate court reversed that holding and

reversed Palmer's conviction. The Supreme Court reversed the appellate court and reinstated that trial court's holding. It explained that, "a trial court shall determine the date by which the defendant should reasonably have responded to a reciprocal discovery request based on the totality of facts and circumstances of the case, including the time established for response by local rule, if applicable." Id. at ¶ 24.

{¶15} In the case at bar, the state filed its discovery request on November 22, 2016. [Docket Number 10]. The next entry on the trial court's docket is a judgment entry filed February 2, 2018 setting Thacker's case for a bench trial on February 13, 2018. [Docket Number 11].

{¶16} We are not persuaded by the state's contention that Thacker's failure to respond to its discovery request kept the speedy trial clock from ticking. First, the request was made in November, 2016. There is no indication whatsoever in this record that the state was delayed in its preparation for trial by Thacker's failure to respond to its request for discovery. What is evident in the record is that the delay of 437 days is nearly five times the 90-day period set forth in R.C. 2945.71(B)(2) in which to bring Thacker's case to trial. To hold that 437 days count against Thacker where there is no indication in the record that the state was delayed in its trial preparations by Thacker's lack of response, would be an injustice and not in keeping with the purposes of either speedy trial rights or discovery. *Cf. In re D.S.,* 8th Dist. Cuyahoga No. 97757, 2012-Ohio-2213, ¶36.

{¶17} The state argues that the trial court alluded to the reason for the excessive delay in this case during the February 13, 2018 hearing. (T. Feb. 13, 2018 at 3; 5; 8; 9). However, Crim.R. 32(C) expressly provides that a judgment in a criminal case "is effective only when entered on the journal by the clerk." The rule reflects the axiom that courts

speak only through their journal entries. *See State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 337, 686 N.E.2d 267, 269(1997); *Schenley v. Kauth*, 160 Ohio St. 109, 113 N.E.2d 625(1953), paragraph two of the syllabus. Without a journal entry, a decision or finding of a court has no force or effect. *State v. Ronan*, 10th Dist. Franklin App. No. 06AP–63, 2007–Ohio–168, ¶ 9.

**{¶18}** Pursuant to R.C. 2945.72(H), a court may grant a continuance upon its own initiative as long as it is reasonable. This provision has been interpreted to permit courts to sua sponte continue an accused's trial beyond the time limit prescribed by R.C. 2945.71, but only when reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit. *See State v. Lee*, 48 Ohio St.2d 208, 357 N.E.2d 1095(1976), and *Aurora v. Patrick*, 61 Ohio St.2d 107, 15 O.O.3d 150, 399 N.E.2d 1220(1980). In the instant cause, it is uncontroverted that any action of the trial court under the authority of R.C. 2945.72(H) occurred *after the expiration of the statutory period within which Thacker should have been brought to trial.*

**{¶19}** In *State v. Mincy,* the Ohio Supreme Court condemned attempts to justify a continuance beyond the R.C. 2945.71 time limit for trial occurring *after the time has already expired,*

> This court has previously condemned after-the-fact extension and does not find it to be a meaningful distinction that appellee's trial was initially scheduled within the statutory time limit. The General Assembly has placed a burden upon the prosecution and the courts to try criminal defendants within a specified time after arrest. If we were to follow the state's reasoning, the only burden upon the prosecution and the courts would be

to assure that a trial is scheduled within the appropriate time limit as long as it could subsequently be explained why the defendant was not brought to trial within the statutory time frame. It is obvious such reasoning does not comport with the purposes of the speedy trial statutes. *See State v. Pudlock* (1975), 44 Ohio St.2d 104, 338 N.E.2d 524 [73 O.O.2d 357]; *State v. Siler* (1979), 57 Ohio St.2d 1, 384 N.E.2d 710 [11 O.O.3d 1].

2 Ohio St.2d 6, 8, 441 N.E.2d 571 (1982). Therefore, "prior to the expiration of the statutory time limit [Thacker] was entitled to either, (1). a trial on the charges, or 2). if his case was being continued by the court or prosecutor, the reason he was not being tried. Since a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit. *See, e.g., Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 131 N.E.2d 390 [58 O.O. 51]; *Schenley v. Kauth* (1953), 160 Ohio St. 109, 113 N.E.2d 625 [51 O.O. 30]." *Mincy,* 2 Ohio St.2d at 8, 441 N.E.2d 571.

{¶20} We therefore hold that because there was no time waiver by Thacker or his attorney, or a judgment entry setting forth the necessity and reasonableness of the continuance filed before the expiration of the statutory time period prescribed by R.C. 2945.71 for bringing Thacker to trial, the decision of the trial court overruling Thacker's Motion to Dismiss is reversed.

{¶21} Hacker's sole assignment of error is sustained.

{¶22} Section 3(B) (2), Article IV of the Ohio Constitution gives an appellate court the power to affirm, reverse, or modify the judgment of an inferior court.

{¶23} The judgment of the Muskingum County Court is reversed. Pursuant to Section 3(B) (2), Article IV of the Ohio Constitution, Thacker's convictions and sentences in this case are vacated, and the case is remanded to the trial court to enter the appropriate dismissal entries.

By Gwin, P.J.,

Delaney, J., and

Wise, Earle, J., concur