OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this Court. Defendant-Appellant, Nicholas Molina, appeals the decision of the Mahoning County Court of Common Pleas that accepted Molina's no contest plea to aggravated robbery and sentenced Molina accordingly. On appeal, Molina argues that the trial court erred when it did not grant his motion to dismiss because of a statutory speedy trial violation. We agree.
 {¶ 2} Molina was charged with a felony, was held in jail only on the pending charge, and the record does not indicate that he did anything to extend the statutory speedy trial time limits. The trial court granted two continuances which could have extended the time, but did not journalize these continuances until after Molina's speedy trial time had expired. The Ohio Supreme Court requires that a trial court journalize these kinds of entries prior to the expiration of the statutory time limit in order to effectively extend that limit. Thus, no tolling event occurred in this case before Molina's speedy trial time expired. The trial court's decision is reversed, Molina's conviction is vacated and Molina is hereby discharged.
 {¶ 3} Molina was arrested on August 15, 2006, for aggravated robbery under R.C. 2911.01(A)(2), a first degree felony. He was held in jail only on the pending charge and was not released on bail. The Mahoning County Grand Jury indicted Molina on October 5, 2006, and Molina was arraigned on October 16, 2006, where he pleaded not guilty. Molina was appointed counsel and a pretrial conference was scheduled in an October 19, 2006, judgment entry arising from the arraignment.
 {¶ 4} On October 30, 2006, the State moved for a continuance because it had not yet received the results of DNA tests being performed on seized evidence. The trial court granted that motion in an entry signed on October 30, 2006, and time-stamped on November 16, 2006, and set the matter for trial on November 13, 2006, the ninetieth day after Molina's arrest. On November 14, 2006, the trial court journalized a sua sponte continuance signed on November 13, 2006, because the trial court was involved in another criminal trial on November 13, 2006.
 {¶ 5} On November 27, 2006, Molina moved to have the charge against him *Page 2 
dismissed for a violation of his right to a speedy trial. Molina argued that the continuances journalized after his speedy trial time expired could not extend the time to bring him to trial. The State responded on December 1, 2006. After a hearing, the trial court denied Molina's motion on January 9, 2007.
 {¶ 6} On April 9, 2007, Molina pleaded no contest to the pending charge and the trial court accepted that plea. The trial court then proceeded to sentence Molina to four years imprisonment on May 14, 2007.
 {¶ 7} Molina's sole assignment of error on appeal argues:
 {¶ 8} "The trial court erred by denying Defendant-Appellant Nicholas Molina's motion to dismiss indictment when the State of Ohio failed to bring Mr. Molina to trial within the time limits of R.C. 2945.71 through2945.73 and the trial court did not journalize any entry tolling the time limits for trial before the expiration of Mr. Molina's statutory speedy trial time."
 {¶ 9} Ohio recognizes both a constitutional and statutory right to a speedy trial. State v. King, 70 Ohio St.3d 158, 1994-Ohio-0412, syllabus. Section 10, Article I of the Ohio Constitution and theSixth Amendment to the United States Constitution state that a criminal defendant has the right to a speedy trial. Klopfer v. NorthCarolina (1967), 386 U.S. 213, 223; State v. Selvage, 80 Ohio St.3d 465,466, 1997-Ohio-0287.
 {¶ 10} The statutory right to a speedy trial is embodied in R.C.2945.71 to R.C. 2945.73. R.C. 2945.71(C)(2) provides that an individual charged with a felony, such as Molina "[s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C.2945.71(E) requires that "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days" when computing time under R.C. 2945.71 (C)(2). If these time limits are not met, then the case must be dismissed. R.C. 2945.73(B). After the statutory time limit has expired, the defendant has established a prima facie case for dismissal. State v. Butcher (1986),27 Ohio St.3d 28, 30-31. The State then has the burden to demonstrate any extension of the time limit. Id.
 {¶ 11} The speedy trial guarantee is designed, "to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public *Page 3 
accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." State v. Adams (1989),43 Ohio St.3d 67, 68, quoting United States v. Marion (1971), 404 U.S. 307,320.
 {¶ 12} Statutory speedy trial issues present mixed questions of law and fact. State v. Hiatt (1997), 120 Ohio App.3d 247, 261. Therefore, this court must "accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." Id. This court must then independently review whether an accused was deprived of his statutory right to a speedy trial, strictly construing the law against the state. Brecksville v. Cook
(1996), 75 Ohio St.3d 53, 57; State v. High (2001), 143 Ohio App.3d 232,242.
 {¶ 13} In this case, Molina was arrested on August 15, 2006 and was held in jail pending trial in this case only on the pending charge, so the parties agree that the triple count provision applies. Therefore, unless a tolling event occurred, Molina had to be brought to trial by November 13, 2006, or else have his statutory speedy trial rights violated.
 {¶ 14} The State argues that a tolling event occurred on the day that Molina was arrested. According to the State, Molina gave written consent to have biological samples taken from him without a search warrant for the purposes of having DNA tests performed on those samples the day he was arrested. The State contends this was an action made by the accused which tolls the running of the statutory speedy trial time under R.C.2945.72(E).
 {¶ 15} However, there is no mention anywhere in the record that Molina ever consented to the DNA testing. Instead, the State is making the argument for the first time on appeal and has attached the signed consent form to its appellate brief. App.R. 12(A)(2) states that this court may only consider the parties' briefs, the record on appeal, and, unless waived, the parties' oral argument when determining an appeal. An exhibit attached to an appellate brief is none of these and cannot be considered on appeal. State v. McDowell, 150 Ohio App.3d 413,2002-Ohio-6712, ¶ 9. The State bore the burden of demonstrating an extension of the time limit in the trial court and failed to *Page 4 
demonstrate this possible basis for extending Molina's speedy trial time. Butcher at 31. Thus, we cannot consider whether this defendant's alleged consent to allow the State to conduct DNA testing is a tolling event for the purposes of the defendant's statutory speedy trial rights.
 {¶ 16} Even though Molina was arrested on August 15, 2006, he was not indicted until October 5, 2006. The trial court arraigned Molina, where he pleaded not guilty and appointed counsel to represent Molina in a journal entry dated October 19, 2006. Thus, Molina was not represented by counsel between August 15, 2006, and October 19, 2006.
 {¶ 17} R.C. 2945.72(C) states that "[a]ny period of delay necessitated by the accused's lack of counsel" extends the time within which the accused must be brought to trial, "provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law." In this case, the trial court was diligent in providing counsel to Molina. Nevertheless, no time is tolled since there was no actual delay necessitated by Molina's lack of counsel. The State took several meaningful steps in Molina's prosecution before counsel was appointed. For example, Molina was arrested and incarcerated, he was arraigned, and a pre-trial hearing was scheduled. Thus, Molina's speedy trial time should not be extended during the period of time preceding the initial appointment of counsel. See State v. Henry (Aug. 10, 1994), 7th Dist. No. 93-C-26.
 {¶ 18} After counsel was appointed, he did not request either a bill of particulars or discovery or make any motion. Thus, he did not do anything to extend the time within which he must be brought to trial. See R.C. 2945.72(E).
 {¶ 19} On October 30, 2006, the State moved for a continuance of the trial scheduled for November 1, 2006, because the Bureau of Criminal Investigations was performing DNA tests on evidence seized in this case and those tests were not yet complete. The trial court granted that motion in an entry which is file stamped on November 16, 2006, but indicates that it was signed on October 30, 2006. That order purported to set the trial for November 13, 2006, three days before the entry was time-stamped. *Page 5 
 {¶ 20} R.C. 2945.72(H) states that the time within which an accused must be brought to trial is extended by "the period of any reasonable continuance granted other than upon the accused's own motion." InState v. High, 143 Ohio App.3d 232, 2001-Ohio-3530, this court found that it was reasonable for a trial court to grant a continuance so that DNA testing could be completed because it is possible that such testing could be exculpatory in nature. Id. at 243. Thus, this could operate as a tolling event if the trial court had ruled on the State's motion on or before November 13, 2006. However, Molina argues that the continuance cannot extend the time for bringing him to trial since the trial court did not grant the continuance until after his speedy trial time had expired.
 {¶ 21} In State v. Mincy (1982), 2 Ohio St.3d 6, the Ohio Supreme Court dealt with a similar situation. In that case, the defendant was charged with aggravated robbery and was held in jail only on the pending charge. Id. Therefore, he had to be brought to trial within ninety days. Trial was originally scheduled for the eighty-seventh day, but court personnel contacted the defendant's counsel and orally advised him that the case would not be tried that day. Id. at 6-7. No journal entry was filed at that time setting forth the reasons for the continuance and the trial took place after the ninetieth day.
 {¶ 22} The Ohio Supreme Court held that this series of events violated the defendant's statutory speedy trial rights. It held that a defendant, "prior to the expiration of the statutory time limit, [is] entitled to one of the following: (1) a trial on the charges or, (2) if his case was being continued by the court or prosecutor, the reason he was not being tried. Since a court may only speak through its journal, it is necessary that such an entry be spread upon its journal prior to the expiration of the statutory time limit." Id. at 8. The court reaffirmed that principle in State v. King, 70 Ohio St.3d 158, 1994-Ohio-0412.
 {¶ 23} Mincy shows that a defendant's speedy trial time is not tolled when the state files a motion for a continuance. Instead, it is tolled when the trial court grants a reasonable continuance at the state's request. Furthermore, Mincy clearly states that the trial court's entry granting the reasonable continuance must be journalized prior to the expiration of the speedy trial time limits.
 {¶ 24} We applied Mincy in State v. Hart, 7th Dist. No. 06 CO 62,2007-Ohio-3404. *Page 6 
In Hart, the trial court continued a case because it was going to be on vacation, but neglected to journalize that decision. We acknowledged that "[a] trial judge going on vacation is a reasonable reason for a continuance and if it had been journalized prior to the determination that the speedy trial time had expired, it would act as a tolling agent." Id. at ¶ 23. Nevertheless, since the continuance was not journalized prior to the expiration of the statutory time limits, this time should have been counted to the defendant's speedy trial time limits. Id.; see also State v. Dubose (June 25, 1996), 7th Dist. No. 95 C.A. 134.
 {¶ 25} In this case, the continuance was not journalized until after Molina's speedy trial rights expired. An entry is not effective merely because it is signed by the judge; it must be entered by the clerk upon the journal to be effective. Civ.R. 58(A). "To journalize a decision means that certain formal requirements have been met, i.e., the decision is reduced to writing, it is signed by a judge, and it is filed with the clerk so that it may become a part of the permanent record of the court." State v. Ellington (1987), 36 Ohio App.3d 76, 78; see alsoState ex rel. White v. Junkin, 80 Ohio St.3d 335, 337-338, 1997-Ohio-0340. Since the trial court did not journalize its decision to grant the State's motion for a continuance "prior to the expiration of the statutory time limit," its decision cannot extend the time within which the state must bring Molina to trial. Mincy at 8. Thus, Molina still must have been brought to trial by November 13, 2006.
 {¶ 26} The next entry in the record is a sua sponte continuance of the trial set for November 13, 2006, because the trial court was engaged in the trial of another criminal defendant. A continuance issued because the trial court is involved in another criminal trial tolls the running of the speedy trial time. State v. McCall, 152 Ohio App.3d 377,2003-Ohio-1603, at ¶ 23. However, this entry, although signed on November 13, 2006, was not time-stamped until November 14, 2006. Thus, this continuance was also not journalized until after the expiration of the statutory time limit for bringing Molina to trial. There are no other entries either signed or journalized before Molina's statutory speedy trial time limits expired on November 13, 2006.
 {¶ 27} In this case, Molina was to be brought to trial by November 13, 2006, and there is no record that Molina did anything himself to extend that time limit. The trial *Page 7 
court's judgment entries which purported to grant reasonable continuances were not journalized until after Molina's statutory speedy trial time limits expired and, therefore, did not extend the statutory time period. Molina was not brought to trial by November 13, 2006. Therefore, R.C. 2945.73(B) mandates that he "shall be discharged."
 {¶ 28} For these reasons, the trial court erred when it denied Molina's motion to dismiss because Molina was not brought to trial within the time limits in R.C. 2945.71 and 2945.72. Therefore, Molina's sole assignment of error is meritorious. Accordingly, the judgment of the trial court is reversed. Molina's conviction is vacated and Molina is hereby discharged.
Donofrio, J., concurs.
 Waite, J., concurs. *Page 1