OPINION
{¶ 1} Defendant-appellant, Jonathan Cross, appeals from a Mahoning County Common Pleas Court judgment convicting him of felonious assault, abduction, intimidation of a victim in a criminal case, and a firearm specification following a no contest plea.
 {¶ 2} Appellant was arrested on April 28, 2006. On June 1, 2006, a Mahoning County grand jury indicted him on two counts of felonious assault, second-degree felonies in violation of R.C. 2903.11(A)(1)(D), one count of kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(3)(C), and one count of intimidation of a victim in a criminal case, a third-degree felony in violation of R.C. 2921.04(B). Firearm specifications accompanied the felonious assault and kidnapping charges.
 {¶ 3} The court initially set appellant's trial for July 19, 2006. The matter was continued and set for a September 12 pre-trial. The trial court then set appellant's trial for October 10 by agreement of the parties. The entry was later amended to set the trial for October 18. The next entry on the record appears on November 24, 2006, and states that by agreement of the parties, appellant's trial was set for February 26, 2007.
 {¶ 4} On February 26, 2007, the day of trial, appellant filed a motion to discharge for a speedy trial violation. The court denied the motion and the matter was ready to proceed to trial.
 {¶ 5} Appellant and plaintiff-appellee, the State of Ohio, then reached a plea agreement. The state amended the kidnapping charge to abduction, dismissed one of the two counts of felonious assault, and reduced the firearm specification from a two-year to a one-year specification. The state also agreed to recommend a three-year sentence. In exchange, appellant entered a no contest plea to the amended charges.
 {¶ 6} The trial court found appellant guilty. The court then sentenced appellant to four years for felonious assault, four years for abduction, and four years for intimidation of a victim in a criminal case to be served concurrently. It also sentenced appellant to one year on the firearm specification to be served prior to and *Page 2 
consecutive to the four-year sentences for a total prison sentence of five years.
 {¶ 7} Appellant filed a timely notice of appeal on April 17, 2007.
 {¶ 8} After appellant filed his appeal, appellee filed a motion with this court pursuant to App. R. 9(E) requesting a limited remand to the trial court to settle the record regarding the continuance between October 10, 2006 and November 24, 2006. We granted the motion noting that App. R. 9(E) allows for the trial court to correct an omission from the record, or to correct any difference between what the record discloses and what actually occurred. Subsequently, the trial court entered a judgment on November 14, 2007, stating in pertinent part:
 {¶ 9} "Having reviewed the record of this case, this Court finds that this matter was continued from October 18, 2006 to November 22, 2006 due to a jury trial in the matter of Penny Kephart vs. Petsmart Inc., 2003 CV 04655."
 {¶ 10} This entry is the subject of debate in this appeal.
 {¶ 11} Appellant raises two assignments of error, the first of which states:
 {¶ 12} "THE TRIAL COURT SHOULD HAVE DISMISSED CROSS'S CASE BECAUSE OF SPEEDY TRIAL VIOLATIONS."
 {¶ 13} Appellant argues that the state failed to bring him to trial within the 90-day speedy trial limit. He contends that 119 days elapsed on his speedy trial clock before his trial date. Specifically, appellant argues that the time from October 10, 2006, through November 24, 2006, must be counted against the state. He points out that at a September 12, 2006 pretrial (journalized on September 14) the parties agreed that the trial was set for October 10. The next entry on the court's docket is time-stamped November 24. It states that by agreement of the parties, the trial is set for February 26, 2007. Appellant argues that the record is not clear as to what happened to the October 10, 2006 trial date. Accordingly, he concludes that this time must be counted against the state.
 {¶ 14} In response, appellee asserts that if this court accepts the trial court's judgment entry regarding the continuance for theKephart jury trial, then there is no question that it brought appellant to trial within the speedy trial time. *Page 3 
 {¶ 15} Every person who is charged with an offense for which he may be deprived of his liberty or property is entitled to the fundamental right of a speedy trial. State v. Dunlap, 7th Dist. No. 01-CA-124, 2002-Ohio-3178, at ¶ 10. This is so because the right to speedy trial "`is premised upon the reality that fundamental unfairness is likely in overlong prosecutions.'" State v. Anderson, 7th Dist. No. 02-CO-30, 2003-Ohio-2557, at ¶ 13, quoting Dickey v. Florida (1970), 398 U.S. 30,54, 90 S.Ct. 1564, 26 L.Ed.2d 26.
 {¶ 16} Pursuant to R.C. 2945.71(C)(2), the state must bring a person charged with a felony to trial within 270 days after his arrest. If the accused is held in jail in lieu of bail on the pending charge, then each day he is held in jail counts as three days. R.C. 2945.71(E). This is known as the "triple-count" provision.
 {¶ 17} The time for speedy trial begins to run when an accused is arrested; however, the actual day of the arrest is not counted.State v. Szorady, 9th Dist. No. 02-CA-008159, 2003-Ohio-2716, at ¶ 12. Appellant was arrested on April 28, 2006. Thus, his speedy trial time began to run on April 29, 2006.
 {¶ 18} The parties do not dispute that appellant was held in jail the entire time he was awaiting trial. Thus, the triple-count provision applied to appellant. The state had to bring him to trial within 90 days.
 {¶ 19} On June 14, 2006, appellant filed numerous motions such as a motion for a bill of particulars, motions for the disclosure of exculpatory evidence, and other related discovery requests. At this time, 47 days had elapsed on appellant's speedy trial clock.
 {¶ 20} The trial court granted appellant's motions on June 23 and the state complied with the requests on June 27. Pursuant to R.C. 2945.72(E), requests for discovery toll the running of the speedy trial clock. State v. Brown, 98 Ohio St.3d 121, 781 N.E.2d 159,2002-Ohio-7040, at ¶ 26. Thus, the time from June 14 until June 27 was tolled.
 {¶ 21} On July 11, appellant filed a motion for a transcript of his preliminary hearing. The court granted this motion. At this time, 61 days had elapsed on *Page 4 
appellant's speedy trial clock.
 {¶ 22} The transcript was not filed until September 27. Thus, the time from July 11 to September 27 was tolled.
 {¶ 23} In the meantime, on September 12, the parties had a pretrial. The September 14 judgment entry regarding the pretrial states: "Pretrial had by counsel. By agreement of the parties the jury trial is hereby set for Tuesday, October 10, 2006 @ 10:00 A.M. 10/18/05 [sic] @ 9:00 AM[.]" The date and time "10/18/05 @ 9:00 AM" is written in black ink while the rest of the entry is written in blue ink.
 {¶ 24} The next entry in the record is dated November 24. It references a November 22 meeting by the parties and states that the parties agree that appellant's trial is set for February 26, 2007. This trial date would go beyond appellant's speedy trial time no matter how it was calculated. Because appellant agreed to this continuance, the time from November 22, 2006 until the February 26, 2007 trial date was tolled. "`[A]n agreement by all parties to a post-statutory trial date' will be treated as a continuance." State v. Steinke, 3d Dist. No. 2-03-30, 2004-Ohio-1201, at ¶ 8, quoting State v. McRae (1978),55 Ohio St.2d 149, 152-53, fn. 4, 378 N.E.2d 476. This agreement was sufficient to constitute a tolling event. See id.
 {¶ 25} Appellant's trial would have begun on February 26, 2007, had he not entered a plea that day.
 {¶ 26} Considering only these entries on the record, appellant's speedy trial time began to run again on September 27 and continued to run until November 24. This brought his speedy trial clock to 119 days. Under this calculation, the state failed to bring appellant to trial within the speedy-trial limits.
 {¶ 27} The issue here surrounds the time period from September 27 until November 24. As stated above, after appellant filed his appeal, appellee asked this court for permission to correct the record surrounding the continuance from October 10 through November 24. We granted a limited remand pursuant to App. R. 9(E), which provides in relevant part:
 {¶ 28} "If any difference arises as to whether the record truly discloses what *Page 5 
occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted."
 {¶ 29} On remand, the trial court held a hearing and then issued a judgment entry stating that the matter had been continued from October 18 through November 22 because the court was engaged in the jury trial of Penny Kephart vs. Petsmart Inc.
 {¶ 30} If this entry tolled appellant's speedy trial time from October 18 through November 22, then the state brought appellant to trial within the speedy trial limit. If this entry did not toll appellant's speedy trial time, then the state failed to bring appellant to trial within the speedy trial time and his convictions must be reversed.
 {¶ 31} As to this after-the-fact judgment entry stating that appellant's trial was continued due to a civil jury trial, appellant makes several arguments.
 {¶ 32} First, he argues that the trial court only had authority to correct a factual error in the record. Appellant contends that the court's judgment entry explaining the continuance of his trial went beyond what is permitted by App. R. 9(E) because it took away a constitutional or statutory right from him.
 {¶ 33} App. R. 9(E) allows for the trial court to correct errors to the record if anything material is "omitted from the record by error or accident." Once the appellate court remands a case to the trial court on an App. R. 9(E) motion, the decision of whether the record of proceedings should be corrected or supplemented is within the discretion of the trial court. State v. Cook, 10th Dist. No. 05AP-515, 2006-Ohio-3443, at ¶ 30. Thus, we will not reverse the trial court's decision to supplement or correct the record absent an abuse of discretion. Abuse of discretion is more than an error of law or of judgment; it implies that the court's attitude is *Page 6 
unreasonable, arbitrary, or unconscionable. State v. Adams (1980),62 Ohio St.2d 151, 157-58, 404 N.E.2d 144.
 {¶ 34} Other appellate courts have allowed the trial court, upon an App. R. 9(E) motion, to correct the record on appeal with a supplemental judgment entry. For instance, in State v. Kraus, 12th Dist. No. 2006-10-114, 2007-Ohio-6027, at ¶ 22, the appellate court allowed the trial court, at the appellee's request, to supplement the record with an entry pursuant to App. R. 9(E), in which the court stated that it granted the appellee's pretrial motion to designate a certain witness as the court's witness. And in State v. Jackson, 8th Dist. No. 80398, 2002-Ohio-4576, at ¶ 15, the appellate court pointed out that the trial court had failed to issue statutorily-required findings of fact and conclusions of law. It stated that it remanded the matter pursuant to App. R. 9(E) so that the court could issue the necessary findings and conclusions, which it did. Id. However, it does not appear that courts have ever been faced with whether to allow a supplemental judgment entry that tolls a defendant's speedy trial time.
 {¶ 35} Once this court issued the limited remand, it was within the trial court's discretion to supplement the record with a judgment entry stating why appellant's trial was continued from October 18 through November 22. But this does not necessarily lead to the conclusion that the judgment entry was sufficient to toll appellant's speedy trial clock. We must still examine appellant's other arguments.
 {¶ 36} Second, appellant argues that no scheduling conflict existed with the Kephart jury trial because his trial was set for October 10. He states that his trial would have been over before the Kephart trial began on October 18.
 {¶ 37} Appellee asserts that the Kephart trial began on October 16 and therefore, was in progress when appellant's trial date came about. The only statements in the record to verify this date are the prosecutor's statements. (Nov. 14, 2007 Tr. 2-4, 8-9).
 {¶ 38} It seems appellant is correct in that, had his trial proceeded on October 10, there would have been no conflict with theKephart trial since it would not begin until six days later. But the entry setting the October 10 trial date also indicates that *Page 7 
the trial date was changed from October 10 to October 18. Appellant claims to know nothing of this change in dates and the entry does not reflect that the change was made with appellant's consent. Thus, the days from October 10 to October 18 should be counted against the state on appellant's speedy trial clock. At this point, 83 days had elapsed on appellant's speedy trial clock.
 {¶ 39} Third, appellant contends that neither the Criminal Rules nor the Civil Rules allow the trial court to postpone a criminal trial so that a civil trial may proceed. Appellee concedes that when a criminal trial and a civil trial are scheduled for the same day, the criminal trial takes precedence. However, it asserts that a trial court is not required to stop a civil trial if it runs into a criminal trial date.
 {¶ 40} Criminal cases are to be given precedence over civil matters. Crim. R. 50; R.C. 2938.03; R.C. 2945.02. However, as appellee points out, the trial court was already engaged in the Kephart jury trial when appellant's October 18 trial date arrived. So this is not a case where a criminal case and a civil case were set for the same day and the trial court gave the civil trial precedence. The court and a jury were already two days into a civil jury trial when appellant's trial date came about.
 {¶ 41} Fourth, appellant argues that a trial court may not wait until after the expiration of the speedy trial period to file a journal entry that tolls the speedy trial time. He cites to two cases for support.
 {¶ 42} In State v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571, the defendant was set to go to trial on his 87th speedy-trial day. The trial court contacted the defendant's counsel on that day and informed him that the trial would not begin that day. The court did not file a journal entry at that time setting forth the reasons for the continuance. A scheduling conference was held a week later and the defendant's trial was set for his 100th speedy-trial day. The defendant moved to dismiss the charges against him on speedy trial grounds. The trial court denied the motion. The defendant proceeded to trial and was convicted of aggravated robbery. The court of appeals reversed the defendant's conviction and ordered him discharged finding that he was not brought to trial within the speedy-trial limit. The *Page 8 
state appealed.
 {¶ 43} The Ohio Supreme Court affirmed the court of appeals and held:
 {¶ 44} "When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." Id. at the syllabus.
 {¶ 45} The Court reasoned that a trial court speaks only through its journal entries. Id. at 8. Therefore, it held that it is necessary for a trial court to enter a journal entry prior to the expiration of the speedy trial time stating the reason for the continuance. Id. The Court further explained:
 {¶ 46} "In the case sub judice, the state argues that because the trial was set within the ninety day period and the continuance was reasonable, no violation of R.C. 2945.71 occurred even though no entry had been made prior to the expiration of the ninetieth day. We cannot agree. This court has previously condemned after-the-fact extension and does not find it to be a meaningful distinction that appellee's trial was initially scheduled within the statutory time limit. The General Assembly has placed a burden upon the prosecution and the courts to try criminal defendants within a specified time after arrest. If we were to follow the state's reasoning, the only burden upon the prosecution and the courts would be to assure that a trial is scheduled within the appropriate time limit as long as it could subsequently be explained why the defendant was not brought to trial within the statutory time frame. It is obvious such reasoning does not comport with the purposes of the speedy trial statutes." (Footnote and citations omitted). Id.
 {¶ 47} In reaching its conclusion, the Supreme Court relied on its earlier decision in State v. Montgomery (1980), 61 Ohio St.2d 78,399 N.E.2d 552, which is the other case upon which appellant now relies. InMontgomery, the defendant was arrested and jailed while he awaited a grand jury hearing. Due to inclement weather conditions, the grand jury hearing was delayed 13 days. The defendant later moved for a discharge on speedy trial grounds. The trial court overruled the motion finding *Page 9 
that the delay resulting from the rescheduling of the grand jury hearing constituted a reasonable continuance, which brought the defendant's cause within the purview of the statutory period. The defendant subsequently pleaded no contest to breaking and entering and was convicted. The court of appeals reversed the trial court's judgment and ordered the defendant discharged for lack of a speedy trial.
 {¶ 48} The Ohio Supreme Court held that because the trial court's sua sponte continuance under R.C. 2945.72(H) occurred after the defendant's speedy trial time had expired, it did not toll the speedy trial time. Id. at 81.
 {¶ 49} The Court pointed to two of its prior decisions for support. First, it cited State v. Pudlock (1975), 44 Ohio St.2d 104,338 N.E.2d 524, where the trial court sua sponte continued the defendant's trial, after the speedy trial period had elapsed, based on a crowded docket. The Court noted that it found "such an after-the-fact extension unacceptable" and that "to permit such continuances would emasculate the provisions of R.C. 2945.71 and thwart the intended legislative purposes of the speedy trial statutes." Montgomery, at 80, citingPudlock. Second, the Court cited State v. Lee (1976), 48 Ohio St.2d 208,357 N.E.2d 1095, where it upheld a trial court's sua sponte continuance where the court, due to a crowded docket and a judges' conference, continued the defendant's cause "`by entry made prior to the expiration of the time limit derived from R.C. 2945.71.'" Montgomery, at 80-81, citing Lee.
 {¶ 50} The Montgomery Court then held: "Pudlock and Lee provide that a trial court which chooses to exercise its discretion under R.C. 2945.72(H) to sua sponte continue a defendant's cause should do soprior to the expiration of the statutory period prescribed by R.C. 2945.71." (Emphasis added.) Id. at 81.
 {¶ 51} Appellee attempts to distinguish these cases by arguing that they did not involve situations where the trial court corrected the record by way of App. R. 9(E). It claims that in this case there was no "after-the-fact extension." Instead, appellee asserts that this case simply involved a "judgment entry that went astray."
 {¶ 52} Appellee draws a distinction without a difference. This case does not *Page 10 
involve a journal entry that became lost or misplaced. Until this court remanded the matter to the trial court, a journal entry continuing appellant's trial past the speedy trial time did not exist. In this case, as in the Ohio Supreme Court cases cited above, at the time the trial court sua sponte continued appellant's trial, it did not put on a journal entry stating that the case was continued and giving the reasons why. The Mincy Court specifically held that the defendant, prior to theexpiration of the statutory speedy trial time, was entitled to one of the following: "(1) a trial on the charges or, (2) if his case was being continued by the court or prosecutor, the reason he was not being tried." Mincy, 2 Ohio St.3d at 8. In the case at bar, appellant did not receive either of these two alternatives prior to the expiration of his speedy trial time. It was not until 13 months later that the trial court informed appellant why his trial had been continued. As noted above, a court speaks only through its journal entries.
 {¶ 53} The Ohio Supreme Court was very precise in its holdings. It has clearly stated that a trial court that issues a sua sponte continuance, which takes a defendant's trial beyond the speedy trial limit, must inform the defendant of the reasons for the continuance by journal entrybefore the expiration of the speedy trial time. The trial court did not do so in the case at bar. Thus, appellant was denied his right to a speedy trial.
 {¶ 54} This court recently reached the same decision in a similar case. In State v. Molina, 7th Dist. No. 07-MA-96, 2008-Ohio-1060, the appellant argued that his speedy trial rights were violated because he was not brought to trial within the speedy trial time and the trial court journalized a state-requested continuance and a sua sponte continuance after his speedy trial time expired. We agreed, holding: "The trial court's judgment entries which purported to grant reasonable continuances were not journalized until after Molina's statutory speedy trial time limits expired and, therefore, did not extend the statutory time period." Id. at ¶ 27.
 {¶ 55} Our conclusion in this case is not reached lightly. Determining that appellant was denied the right to a speedy trial necessarily means that his *Page 11 
convictions must be vacated, appellant is discharged and he cannot be retried. The Supreme Court noted the gravity of its decision stating: "We are reluctantly aware that our decision requires that appellee, convicted by a jury of a serious offense, be discharged and that another prosecution on this charge is barred. R.C. 2945.73(D). However, we are equally mindful that we have consistently held that the speedy trial statutes are mandatory and must be strictly enforced." Mincy, 2 Ohio St.3d at fn. 3.
 {¶ 56} The trial court could not toll appellant's speedy trial time by later putting a journal entry on the record stating the reason for a sua sponte continuance. Accordingly, appellant's first assignment of error has merit.
 {¶ 57} Given our resolution of appellant's first assignment of error, his second assignment of error is moot. It provides:
 {¶ 58} "CROSS'S NO CONTEST PLEA IN HIS PLEA AGREEMENT WAS NOT FREELY OR VOLUNTARILY MADE."
 {¶ 59} For the reasons stated above, the trial court's judgment is hereby reversed. Appellant discharged.
Vukovich, J., concurs.
 Waite, J., concurs. *Page 1