[Cite as *State v. Davison*, 2023-Ohio-599.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Andrew J. King, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2022 CA 0047 |
| TAJIE BOUNDS DAVISON | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:      Criminal appeal from the Richland County Court of Common Pleas, Case No. 2020CR249

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      February 28, 2023

APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
Prosecuting Attorney
BY: JODIE SCHUMACHER
Assistant Prosecutor
38 South Park Street
Mansfield, OH 44902

For Defendant-Appellant

DARIN AVERY
105 Sturges Avenue
Mansfield, OH 44903

*Gwin, P.J.*

**{¶1}** Appellant Tajie Bounds Davison appeals the May 26, 2022 judgment entry of the Richland County Court of Common Pleas denying his petition for post-conviction relief. Appellee is the State of Ohio.

*Facts & Procedural History*

**{¶2}** Appellant was arrested on April 9, 2020. A preliminary hearing was held on April 17, 2020 in Mansfield Municipal Court, where appellant was bound over to the Richland County Court of Common Pleas. Appellant was indicted on May 11, 2020, with one count of aggravated burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) & (B), one count of robbery, a felony of the second degree, in violation of R.C. 2911.02(A)(2) & (B), and one count of disrupting public services, a felony of the fourth degree, in violation of R.C. 2909.04(A)(1) & (C).

**{¶3}** Appellant filed a motion to modify bond on May 19, 2020, which was set for hearing on June 3, 2020 and then rescheduled to June 8, 2020. At his arraignment on May 26, 2020, appellant pled not guilty. The trial court issued a scheduling order on June 10, 2020, setting the matter for trial on July 20, 2020. In the entry, the trial court stated, "time is hereby tolled for speedy-trial purposes pursuant to O.R.C. 2945.72 and the Supreme Court Entry of March 27, 2020," which was the COVID-19 tolling order.

**{¶4}** The trial court issued a judgment entry on July 20, 2020, stating the trial in this case was continued because the case of *State of Ohio v. Roscoe Hunter*, Case No. 19 CR 513, proceeded to trial. The entry continued, "the court had multiple jury trials scheduled on this date, consisting of cases in which the defendants were arraigned prior to this matter, are or have been incarcerated longer, and/or those which have been set

more times than the defendant's case."  Finally, the court stated, "time is hereby tolled for speedy-trial purposes pursuant to O.R.C. 2945.72 and the Supreme Court entry of March 27, 2020 to the first available trial date [that] will be issued under separate order."  On September 1, 2020, the trial court issued a judgment entry setting the trial for October 12, 2020.

{¶5}    The trial court issued a judgment entry on October 15, 2020, stating the trial in this case was continued from October 12, 2020, because the case of *State of Ohio v. Terrance Jenkins*, Case No. 20 CR 214, proceeded to trial from October 9, 2020 through October 12, 2020.  The court stated, "the court finds time is hereby tolled for speedy-trial purposes pursuant to O.R.C. 2945.72 to the first available trial date [that] will be issued under separate order."  On November 6, 2020, the trial court issued a judgment entry setting the trial for December 7, 2020.

{¶6}    On December 2, 2020, appellant filed a motion to continue the jury trial set for December 7, 2020 because a key witness for appellant's alibi defense tested positive for COVID-19.  The motion states, "defendant has no objection to the continuance for this reason."  In the motion, counsel and defendant requested a mid-February trial date.  The trial court granted the motion, and continued the trial to January 25, 2021.  A jury trial was held on January 25, 2021 through January 28, 2021.  Appellant was found guilty by a jury of all three counts.  Appellant was sentenced to an aggregate minimum term of twelve (12) years to a maximum of seventeen (17) years in prison, with five (5) years of mandatory post-release control.

{¶7}    Appellant filed a direct appeal of his conviction, arguing:  the trial court erred in allowing the prosecution to present demonstrative evidence on how to alter time stamps

on Snapchat without supporting testimony; ineffective assistance of trial counsel for the failure to properly object to the photographic demonstration; and the convictions were against the manifest weight of the evidence. In *State v. Davison,* this Court overruled appellant's assignments of error and affirmed his convictions. 5th Dist. Richland No. 2021 CA 0014, 2021-Ohio-4184, appeal not allowed, 167 Ohio St.3d 1460, 2022-Ohio-2446, 190 N.E.3d 646.

{¶8} Appellant filed an application for reopening of his direct appeal pursuant to Appellate Rule 26(B) on February 22, 2022. Appellant argued the case should be reopened because his appellate counsel was ineffective in failing to raise the following assignment of error: appellant received ineffective assistance of trial counsel in that trial counsel failed to move for dismissal on speedy trial grounds. Appellee filed a memorandum in opposition to appellant's application for reopening on March 4, 2022.

{¶9} On March 25, 2022, this Court issued a judgment entry denying appellant's motion to reopen. We held that appellant's claim for ineffective assistance in the context of a failure to file a motion to dismiss for a speedy trial violation was more appropriate for a post-conviction petition. This Court also found that appellant's arguments as to the alleged speedy-trial violations were not well-taken.

{¶10} Appellant appealed our denial of his motion to reopen to the Ohio Supreme Court. In his memorandum in support of jurisdiction, appellant asserted the following propositions of law: (1) a court of appeals may not require an appellant to conclusively establish ineffective assistance of counsel to allow reopening and argument of an ineffective assistance of counsel claim; (2) a defendant in a direct appeal of a criminal conviction may raise a speedy trial claim through an assertion of ineffective assistance of

trial counsel; (3) a sua sponte continuance of a criminal trial must comply with Sup.R. 41(A); (4) Criminal Rule 50 requires trial courts to schedule criminal trials ahead of civil trials; and (5) a trial court may not set a new trial date for a criminal matter by entry issued outside of the time allowed for trial by R.C. 2945.71. The Ohio Supreme Court did not accept appellant's appeal for review. *State v. Davison*, 167 Ohio St.3d 1460, 2022-Ohio-2446, 190 N.E.3d 646.

{¶11} Appellant filed a petition for post-conviction relief on March 30, 2022, arguing his trial counsel was ineffective for failing to file a motion to dismiss pursuant to the speedy trial provisions of the Ohio and United States Constitutions, and the Ohio Revised Code (R.C. Sections 2945.71 and 2945.72). Appellant specifically argued the following: the October 15, 2020 continuance entry failed to set a date for trial within the 90-day period established by R.C. 2945.71; the October 15, 2020 continuance was not a reasonable continuance under R.C. 2945.72(H) because it did not comply with Ohio Superintendence Rule 41(A); and the trial court tried a civil case ahead of appellant's criminal trial, in contravention of Criminal Rule 50. Appellant requested a hearing on his petition. Attached to the petition is appellant's affidavit, which states he was held in jail solely on the charges in this case.

{¶12} Appellee filed a memorandum in response to appellant's petition on April 11, 2022.

{¶13} The trial court issued a judgment entry overruling appellant's petition for post-conviction relief on May 26, 2022. The court found the October 15, 2020 continuance complied with the statutory requirements set forth in R.C. 2945.71 and R.C. 2945.72. Further, the trial court found appellant's claim that it tried a civil case ahead of

appellant's criminal case to be not well-taken, as the continuance entry states the jury trial was continued from October 12, 2020 because of the case of *State of Ohio v. Terrance Jenkins*, a criminal case that proceeded to trial from October 9, 2020 through October 12, 2020. The court noted that appellant failed to provide any supporting evidence of a civil matter proceeding to trial before his criminal trial. The trial court determined appellant's speedy trial rights were not violated and, as such, appellant failed to establish that he received ineffective assistance of counsel, or that he was prejudiced by counsel's ineffectiveness. Finally, the trial court found there were no substantive grounds sufficient to warrant a hearing on appellant's post-conviction petition.

{¶14} Appellant appeals the May 26, 2022 judgment entry of the Richland County Court of Common Pleas and assigns the following as error:

{¶15} "I. THE TRIAL COURT ERRED IN TREATING THIS COURT'S DISCUSSION OF THE UNDERLYING LEGAL ISSUES APPELLANT PRESENTED IN HIS APP. R. 26(B) APPLICATION AS THE LAW OF THE CASE RATHER THAN NONBINDING DICTA.

{¶16} "II. THE TRIAL COURT ERRED IN FINDING THAT IT TRIED NO CIVIL CASE AHEAD OF APPELLANT'S CRIMINAL TRIAL.

{¶17} "III. THE TRIAL COURT ERRED IN FINDING NO SPEEDY TRIAL VIOLATION DUE TO THE COURT'S HOLDING A CIVIL TRIAL AHEAD OF APPELLANT'S CRIMINAL TRIAL.

{¶18} "IV. THE TRIAL COURT ERRED IN FINDING THAT SPEEDY TRIAL TIME TOLLED CONTINUOUSLY FROM JULY 20, 2020 TO OCTOBER 12, 2020 AND FROM OCTOBER 15, 2020 TO JANUARY 25, 2021.

{¶19} "V. THE TRIAL COURT ERRED IN FINDING THAT ITS OCTOBER 15, 2020 CONTINUANCE WAS REASONABLE UNDER R.C. 2945.72(H).

{¶20} "VI. THE TRIAL COURT ERRED IN DENYING APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.

I.

{¶21} In his first assignment of error, appellant contends the trial court erred in treating our analysis in this Court's judgment entry denying his motion to reopen as law of the case. While the trial court referenced the analysis contained in our judgment entry denying his motion to reopen, the trial court never states in the judgment entry denying appellant's post-conviction petition that the analysis contained in our judgment entry was law of the case. Rather, the trial court undertook an independent analysis of appellant's petition for post-conviction relief. Accordingly, appellant's first assignment of error is overruled.

II., III., IV., V., VI.

{¶22} In the remainder of his assignments of error, appellant argues the trial court committed error in denying his petition for post-conviction relief and in denying his request for an evidentiary hearing. We disagree.

{¶23} R.C. 2953.21 affords a petitioner post-conviction relief "only if the court can find that there was such a denial or infringement on the rights of the prisoner as to render the judgment void or voidable under the Ohio Constitution or the United States Constitution." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). The appropriate standard of review for reviewing a trial court's decision to dismiss or deny a petition for post-conviction relief, without an evidentiary hearing, involves a mixed question of law

and fact. *State v. Durr*, 5th Dist. Richland No. 18CA78, 2019-Ohio-807. This Court must apply a manifest weight standard in reviewing a trial court's findings on factual issues underlying the substantive grounds for relief, but we must review the trial court's legal conclusions de novo. *Id.*

{¶24} In his petition for post-conviction relief, appellant alleges that trial counsel rendered ineffective assistance because he failed to file a motion to dismiss pursuant to the speedy trial provisions of the Ohio Constitution, the U.S. Constitution, and the Ohio Revised Code.

{¶25} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). In an effective assistance analysis, we must determine whether counsel's assistance was ineffective, i.e., whether counsel's performance fell below an objective standard of reasonable representation and violated any of his essential duties to the client. *Id.* If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. *Id.* This requires a showing there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the trial would have been different. *Id.*

{¶26} Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 693 N.E.2d 267 (1998). Even debatable trial tactics and strategies do not constitute ineffective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980).

**{¶27}** Appellant contends the trial court committed error in denying the petition without a hearing. The Ohio Supreme Court has recognized, "[i]n post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will even receive a hearing." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77. Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999). Before a petitioner can be granted a hearing in proceedings for post-conviction relief upon a claim of ineffective assistance of counsel, petitioner bears the initial burden to submit evidentiary quality material containing sufficient operative facts that demonstrate a substantial violation of any of trial counsel's essential duties in addition to prejudice arising from that ineffectiveness. *State v. Church*, 5th Dist. Stark No. 2017CA00216, 2018-Ohio-368, citing *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

**{¶28}** Broad assertions without a further demonstration of prejudice do not warrant a hearing for all post-conviction petitions. *Rivera v. United States*, 318 F.2d 606 (1963). The Ohio Supreme Court has held that the proper basis for dismissing a petition for post-conviction relief without holding an evidentiary hearing includes the failure of the petitioner to set forth specific operative facts to establish substantive grounds for relief. *State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994). A trial court's decision to deny a petition for post-conviction relief without holding an evidentiary hearing is left to the sound discretion of the trial court. *State v. Lichtenwalter*, 5th Dist. Guernsey Nos. 20CA000013, 20CA000023, 2021-Ohio-1394. To find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an

error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

*Speedy Trial Violation – Civil Trial*

**{¶29}** In his second and third assignments of error, appellant contends the trial court committed error in denying his petition because trial counsel was ineffective in failing to file a motion to dismiss on speedy trial grounds because the trial court held a civil trial before appellant's criminal trial. Appellant relies upon the Tenth District Court of Appeals' reference to Criminal Rule 50 in *State v. Terra*, 74 Ohio App.3d 189, 598 N.E.2d 753 (10th Dist. 1991), which states that "criminal cases shall be given precedence over civil matters and proceedings." Appellant contends the matter should have been rescheduled for October 15, three days after the original trial date.

**{¶30}** The focus in *Terra* was on the reasonableness of the original sua sponte entry continuing the matter which simply stated "judge in trial" and "court in trial, no other courtrooms available." We find *Terra* inapposite to the facts in this case, as the relevant entry here specifically states the case was continued due to the case of *State v. Terrance Jenkins* going to trial. Further, we cannot conclude the trial court's selection of a date other than October 15 was unreasonable. Appellant does not direct us to any portion of the record to indicate the trial court knew that the criminal trial that began on October 9 would conclude prior to October 15, or whether counsel would have been prepared to proceed on October 15.

**{¶31}** This not a case where a criminal case and civil case were set for the same day and the trial court gave the civil trial precedence. *State v. Cross*, 7th Dist. Mahoning No. 07-MA-74, 2008-Ohio-3240. There was no conflict between appellant's trial and a

civil trial, as they were not scheduled for the same day. The trial court did not have to reschedule the criminal trial for the civil trial to proceed. Additionally, there is nothing in the record to suggest that eliminating the civil docket would have altered the necessity of the continuance. *State v. Davis*, 5th Dist. Richland No. 2019 CA 0112, 2020-Ohio-3617; *State v. Mosley*, 10th Dist. Franklin No. 95AP02-232, 1995 WL 491391 (Aug. 15, 1995) (such a literal reading of Criminal Rule 50 that a trial court cannot continue to hear civil matters or devote time to the civil docket prior to holding a criminal trial is "impractical and unreasonable").

**{¶32}** Appellant made this same argument to the Ohio Supreme Court in an appeal of our decision denying his motion for reopening. However, the Ohio Supreme Court declined jurisdiction of appellant's appeal, including his assignment of error regarding Criminal Rule 50 as it applies to this case. *State v. Davison*, 167 Ohio St.3d 1460, 2022-Ohio-2446, 190 N.E.3d 646.

**{¶33}** We are not persuaded that trial counsel's decision not to pursue the issue fell below an objective standard of reasonable representation under the facts and circumstances presented. We find appellant failed to set forth specific operative facts to establish a substantial violation of trial counsel's essential duties. Appellant's second and third assignments of error are overruled.

*Speedy Trial – Reasonableness*

**{¶34}** In his fourth assignment of error and in a portion of his sixth assignment of error, appellant contends the trial court committed error in denying his petition because the October continuance was not reasonable pursuant to R.C. 2945.72(H).

**{¶35}** A person charged with a felony must be brought to trial within 270 days unless they waive that right to a speedy trial. R.C. 2945.71(C). If a person is held in jail in lieu of bond, then each day that the suspect is in custody counts as three days. R.C. 2945.71(E). Pursuant to R.C. 2945.73, a person who is not brought to trial within the time periods found in R.C. 2945.71 and R.C. 2945.72 "shall be discharged" and further criminal proceedings based on the same conduct are barred.

**{¶36}** However, courts may sua sponte continue a trial beyond the statutory speedy-trial limit pursuant to R.C. 2945.72(H) which states: "[t]he time within which an accused must be brought to trial may be extended only by the following * * * (H) the period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion." A continuance must be reasonable in both purpose and length. *State v. Martin*, 56 Ohio St.2d 289, 384 N.E.2d 239 (1978). "[W]here the trial record affirmatively demonstrates the necessity for a continuance and the reasonableness thereof, such a continuance will be upheld." *State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186.

**{¶37}** We find the trial court did not commit error in finding the October 15, 2020 sua sponte continuance was reasonable pursuant to R.C. 2945.72(H).

**{¶38}** Appellant was arrested on April 10, 2020, in the midst of the Supreme Court's Order tolling the running of speedy-trial time limits until July 30, 2020. The deadline to bring appellant to trial after the expiration of the COVID-19 pandemic tolling order was October 28, 2020. Appellant's jury trial was set for October 12, 2020, which was prior to the October 28th deadline.

{¶39} The record clearly indicates that the trial court specifically stated the reason for its sua sponte continuance. In the October 15, 2020 judgment entry, the trial court stated the case was continued, "because the case of *State of Ohio v. Terrance Jenkins*, Case No. 20 CR 214 proceeded to trial from October 9, 2020 through October 12, 2020." The trial was continued because another criminal trial was occurring on the date of appellant's scheduled trial. The trial court re-set the trial date for December 7, 2020, approximately forty days after the October 28, 2020 speedy trial deadline. Appellant himself filed a motion to continue the December trial because his key witness contracted COVID-19. Appellant suggested a trial date of mid-February 2021, and the trial was held on January 25, 2021. Based on these facts and circumstances, we find the trial court record affirmatively demonstrates the continuance was reasonable. *State v. Beal*, 5th Dist. Richland No. 21CA3, 2021-Ohio-3812 (trial court's COVID-10 sua sponte continuances, and the court's subsequent continuances related to a crowded docket were reasonable and tolled speedy trial time); *State v. Redelman*, 12th Dist. Clinton No. CA2012-04-010, 2013 WL 684451, 2013-Ohio-657 (finding 39-day continuance due to crowded docket and scheduling conflict to be reasonable).

{¶40} Based on the facts and circumstances presented by this case, we find the trial court's judgment entry explains the necessity and reasonableness of the continuance, and conforms to R.C. 2945.72(H). Because the continuance was reasonable and necessary pursuant to R.C. 2945.72(H), the running of speedy trial time was tolled. Trial counsel's decision not to pursue the issue did not fall below an objective standard of reasonable representation. Appellant's fourth and sixth assignments of error are overruled.

*Speedy Trial – New Trial Date and Ohio Rule of Superintendence 41*

**{¶41}** In his fifth assignment of error and in a portion of his sixth assignment of error, appellant argues the trial court committed error in denying his petition because the trial court did not issue a new trial date in the October 15, 2020 judgment entry, and the failure to do so mandates dismissal.

**{¶42}** Appellant relies on the Ohio Supreme Court's decision of *State v. Pudlock*, 44 Ohio St.2d 104, 338 N.E.2d 524 (1975) and the text of Ohio Rule of Superintendence 41 in support of his argument. In *Pudlock*, the trial court allowed the 90-day limitation to expire and thereafter, sua sponte, found a crowded docket warranted a continuance. *Id.* The Supreme Court found that to allow a trial court to extend the time period under these circumstances "would render meaningless the provisions of R.C. 2945.71, and thwart the intent of the General Assembly to provide specified time limits within which an accused must be brought to trial." *Id.* Appellant relies on the notation in *Pudlock* that the trial court "failed to set a date for trial within the 90-day period established by R.C. 2945.71(B)(2)" in support of his argument. However, we do not find that comment must be interpreted as obligating the trial court to include a new date in a sua sponte entry continuing the trial date past the speedy trial deadline.

**{¶43}** More recently, the Ohio Supreme Court has held, "[w]hen sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." *State v. Ramey*, 132 Ohio St.3d 309, 2012-Ohio-2904, 971 N.E.2d 937. In this case, the trial court satisfied the requirement stated in *Ramey* in its October 15, 2020 judgment entry because, prior

to the expiration of the time limit prescribed in R.C. 2945.71 for bringing appellant to trial, the trial court journalized an entry setting forth its reasons for the continuance. *State v. Young*, 5th Dist. Stark No. 2020CA00155, 2021-Ohio-1999.

{¶44} Further, we find appellant's argument regarding Superintendence Rule 41 to be not well-taken, as the rule is inapplicable to this case. The rule provides, "no court shall grant a continuance to any party at any time without first setting a definite date for the trial or hearing." The rule does not provide that the trial court must issue a new trial date with any order continuing a trial as appellant contends. In this case, the trial court did not grant a continuance "to any party," but issued a continuance sua sponte. Accordingly, the rule is inapplicable. See *State ex rel. Swanson v. Grigsby*, 6th Dist. Lucas No. L-85-316, 1985 WL 7596 ("a clear reading of the above rule applies to motions for continuance filed by a party. In the instant case, the trial court exercised its sound discretion in sua sponte continuing the matter pending appeal.").

{¶45} We additionally note that in appellant's appeal to the Ohio Supreme Court, he argued that a sua sponte continuance of a criminal trial must comply with Superintendence Rule 41(A), and that a trial court may not set a new trial date for a criminal matter by entry issued outside of the time allowed for trial by R.C. 2945.71. The Ohio Supreme Court did not accept appellant's appeal for review. *State v. Davison*, 167 Ohio St.3d 1460, 2022-Ohio-2446, 190 N.E.3d 646.

{¶46} We are not persuaded that trial counsel's decision not to pursue these issues fell below an objective standard of reasonable representation under the facts and circumstances presented. We find appellant failed to set forth specific operative facts to

establish a substantial violation of trial counsel's essential duties.  Appellant's fifth and sixth assignments of error are overruled.

{¶47}  Based on the foregoing, appellant's assignments of error are overruled.

{¶48}   The May 26, 2022 judgment entry of the Richland County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

King, J., concur